# CASES DETERMINED

# August Term, 1925.

MUIRHEAD, Appellant, vs. BRUNS, Respondent.

*September 24—October 20, 1925.*

*Municipal corporations: Negligence of person moving house in street: Injury to pedestrian on sidewalk: Drawing cable suddenly across sidewalk.*

Testimony of the only eye-witness that an injury to a pedestrian was caused by falling over the dead end of a cable which was used in moving a house along the street, and which was suddenly drawn taut across the sidewalk, is sufficient to support findings that the pedestrian was not contributorily negligent and that the house mover was negligent in not warning the pedestrian of the danger.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Reversed.*

This was an action to recover damages for personal injuries. Sheridan road is a street running north and south in the city of Kenosha. Middle street runs east and west and intersects Sheridan road. At the time of the injury the defendant was moving a house west on Middle street. The house was located some distance east of Sheridan road. A capstan operated by horse power was located some distance west of Sheridan road. A cable extended from the capstan to the house along the center of Middle street, and from the house to a telephone pole at the northwest corner of the intersection of Sheridan road and Middle street. This is called the dead end of the cable. Plaintiff at the time he sustained his injuries was going south on the east

sidewalk of Sheridan road.    At a point about two or three feet from the north curb line of Middle street he came in contact with the dead end of the cable, causing him to fall to the sidewalk with great force and sustaining personal injuries.    The manner in which the accident happened is best described by the witness Bernard M. Jacobson, who was a truant officer for the Kenosha school system.    He testified that he was going north on Sheridan road, turned at Middle street to go east, and stopped because he saw they were moving a house; that at this time the cable that was stretched to move the house started to pull taut, slipped over the curb and turned plaintiff upside down on the sidewalk.    The witness was sitting in his car looking that way. The cable "was laying there kind of slack on the north side of Middle street; and as the stretch was taken up it hit the curb and tightened up, and as it tightened more and more it slipped over the curbing, went onto the sidewalk, and turned this man upside down."

"Q. Did you see this rope tighten up?  A. Yes, sir.

"Q. Did you see it strike the curbing?  A. It stopped at the curbing, and there was some lumber, small pieces of block, that it stirred up, and caused considerable noise; and then it slipped over the curb.

"Q. Did you see it as it slipped up over the curb?  A. It was caught temporarily.

"Q. And then raised up?  A. And slipped over the curb. Mr. Muirhead was on the sidewalk, and it struck him between the knee and the ankle."

The jury returned a special verdict, in which it was found that the defendant failed to use ordinary care (a) to properly guard the streets in question; (b) to properly guard the cable; and (c) in the operation and management of the cable; that such failure to use ordinary care was the proximate cause of plaintiff's injury; that the plaintiff was not guilty of any want of ordinary care proximately contributing to cause his injuries, and assessed damages at $2,000.

The court changed the answers to all of these questions, found that the defendant was not guilty of any want of ordinary care, and that the plaintiff was guilty of contributory negligence; expressed the opinion that the damages were excessive and rendered judgment in favor of the defendant, from which judgment so rendered plaintiff appealed.

For the appellant there was a brief by *Stewart & Vaudreuil* of Kenosha, and oral argument by *Calvin Stewart.*

For the respondent the cause was submitted on the brief of *Robert V. Baker* of Kenosha.

OWEN, J.   We discover no evidence in the record to successfully contradict the testimony of Mr. Jacobson set forth in the statement of facts.   In fact, he is the only witness testifying who pretended to see how the accident occurred.   The testimony offered by the defendant throws little light upon the question, and even though there was evidence to dispute it. the jury had a right to find that the accident happened in the manner described by this witness. If the accident did so happen, we do not see how the plaintiff can be held guilty of contributory negligence, or why a verdict finding the defendant guilty of a want of ordinary care in the respects mentioned can be set aside as being unsupported by the evidence.

Certainly pedestrians on the street are not called upon to anticipate any such contingency as that encountered by the plaintiff.   According to the testimony the cable was lying slack in the street and did not extend across the sidewalk until, upon its being drawn taut, it was pulled up over the curbing with great force and suddenness.   We think the jury was abundantly justified in finding that the defendant was negligent in not warning pedestrians of this lurking danger, and that the finding absolving the plaintiff from contributory negligence was well within their province.   Judg-

ment should have been rendered in favor of the plaintiff upon the special verdict.

The trial court stated that in his opinion the damages were excessive, and respondent's counsel so contends. We are not so impressed. Without reviewing the evidence we will say that in our judgment the amount of damages awarded finds ample support in the evidence.

*By the Court.*—Judgment reversed, and cause remanded with instructions to render judgment in favor of the plaintiff upon the special verdict.