**MACKAY v. UNITED STATES et al.**

**Civ. A. No. 2465.**

United States District Court
D. Connecticut.

Sept. 12, 1949.

Joseph P. Cooney, Hartford, Conn., James N. Egan, Hartford, Conn., for plaintiff.

Adrian W. Maher, U. S. Atty., District of Connecticut, Hartford, Conn., T. J. Birmingham, Asst. U. S. Atty., Hartford, Conn., for the United States.

Warren Maxwell, Hartford, Conn., for defendant Boynton.

SMITH, District Judge.

This is an action for damages brought under the Tort Claims Act to recover for personal injuries and property damage sustained in a collision between plaintiff's automobile and a truck, alleged to be the property of the United States, said collision claimed to have been caused by the negligence of the defendant Boynton, driver of the truck and a member of the Maine National Guard, whom the plaintiff contends was an agent and employee of the United States. The government moves for summary judgment pursuant to rule 56(b), Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that the defendant Boynton was an employee of the Maine National Guard and not an employee of the government within the meaning of the Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 1402 (b), 2671ff.

The plaintiff's allegation that the truck was a government vehicle with an army registration number stands uncontroverted. The government has submitted affidavits of the Adjutant General of the Maine National Guard and the defendant Boynton to the effect that at the time of the collision the latter was driving the truck for and as a member of the Maine National Guard. The affidavit of the Adjutant General of Maine further reveals that at the time of the collision the truck was being returned from Maine to the supply base of the Connecticut National Guard, having been borrowed by the Maine National Guard for use in Maine during the forest fire emergency in the fall of 1947.

The affidavits and pleadings are uncontradicted by any counter affidavits and we conclude therefrom that there are no genuine issues as to any material fact. The decisive issue on this motion resolves itself into a question of law, whether or not the defendant Boynton was at the time of the collision an employee of the United States within the meaning of the Tort Claims Act.

"Employee of the government" as defined by the Tort Claims Act, 28 U.S.C.A. § 2671, includes members of the military or naval forces of the United States. The Act clearly directs further that the Court shall have jurisdiction of a claim against the United States based upon the alleged negligence of such an employee while said employee is acting within the scope of his office or employment. 28 U.S.C.A. § 1346 (b). Congress specifically described "Acting within the scope of his office or employment" when applied to members of the military or naval service as meaning "Acting in the line of duty."

A showing that the truck was owned by the United States and loaned to the National Guard of a state will not suffice alone to confer jurisdiction under the Act, nor would it be sufficient if it were shown, as it has not been here, that the driver of the truck was also loaned by the government to the Guard. Cf. Fries v. U. S., 6 Cir., 170 F.2d 726.

The act to be one in the "line of duty" within the meaning of the Act must have relation to causation, mediate or immediate, to the duty owed by the actor. Rhodes v. United States, 8 Cir., 79 F. 740; Murphey v. U. S., D.C., 79 F.Supp. 925.

There is no evidence that Boynton was operating the truck for the United States, nor that he was under the direction and control of the military forces of the United States. Nowhere does it appear

698

that defendant Boynton's operation of the truck was other than in discharge of his responsibility as a member of the Maine National Guard during the forest fire emergency in that State in 1947. Boynton was not engaged in the performance of any duty for the United States at the time of the collision.

Since defendant Boynton was not in the active service of the United States, he was not an employee thereof within the Tort Claims Act and no suit can be maintained against the United States for damages caused by alleged negligence of the agent in the absence of some statutory permission to sue. As a matter of law, the defendant, the United States, is entitled to a summary judgment which shall be entered forthwith.

The remaining parties are properly here under the diversity jurisdiction of the Court. In view of our ruling on the motion for summary judgment, we do not now need to decide the government's motion to dismiss the defendant Boynton because of improper joinder under the Tort Claims Act.