## WILLIAMS et al. v. UNITED STATES.

### No. 4206.

United States Court of Appeals
Tenth Circuit.

May 7, 1951.

W. F. Smith and O. B. Martin, Oklahoma City, Okl., for appellants.

Cleon A. Summers, U. S. Atty., Francis Stewart, Paul W. Gotcher, Asst. U. S. Attys., Muskogee, Okl., for the United States.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

608

PHILLIPS, Chief Judge.

W. B. Williams and Myrtle Williams brought this action against the United States under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., to recover for the alleged wrongful death of their son, Kenneth Williams. In their complaint the Williamses alleged that the death of Kenneth Williams was caused by the negligence of Will Mandell Rogers in the operation of a truck on October 11, 1949, while acting within the scope of his employment as a member of the National Guard of Oklahoma, and under the direction of Virgil O'Leary, his superior officer, and that the truck belonged to the United States.

The United States filed a motion for summary judgment, supported by two affidavits. The motion and the affidavits averred that on October 11, 1949, Rogers was a private and O'Leary was a master sergeant in Service Company, 279th Infantry, of the Oklahoma National Guard, and that on that date the 279th Infantry was not in the active service of the United States.

The trial court sustained the motion for summary judgment, and the Williamses have appealed.

Section 58 of the National Defense Act of June 3, 1916, as amended by the Act of June 15, 1933, 48 Stat. 153, 32 U.S.C.A. § 4a, provides that the National Guard of the United States "shall be a reserve component of the Army of the United States * * *," but "That the members of the National Guard of the United States shall not be in the active service of the United States except when ordered thereto in accordance with law, and, in time of peace, they shall be administered, armed, uniformed, equipped, and trained in their status as the National Guard of the several States, Territories, and the District of Columbia, * * *."

At the time of the accident, the 279th Infantry had not been ordered into the active service of the United States. While, under the provisions of § 58, supra, such unit was a reserve component part of the Army of the United States, and a potential part of such Army, not having been ordered into the active service of the United States, it retained its status as a National Guard unit of the State of Oklahoma, and its members were servants of the state, not of the United States. This conclusion is supported by the adjudicated cases.[1]

Since neither Rogers nor O'Leary was a servant or employee of the United States at the time of the accident, the United States was not liable for their acts.

Affirmed.

1. See Gibson v. State, 173 Misc. 893, 19 N.Y.S.2d 405, 409; Bianco v. Austin, 204 App.Div. 34, 197 N.Y.S. 328, 330, 331; State v. Johnson, 186 Wis. 1, 202 N.W. 191; Baker v. State, 200 N.C. 232, 156 S.E. 917, 918; United States ex rel. Gillett v. Dern, 64 App.D.C. 81, 74 F.2d 485, 487; Glasgow v. United States, D.C.Ala., 95 F.Supp. 213, 214. Cf. Mackay v. United States, D.C.Conn., 88 F.Supp. 696, and Lind v. Nebraska National Guard, 144 Neb. 122, 12 N.W.2d 652, 655, 150 A.L.R. 1449.