**DOVER v. UNITED STATES** (three cases).

Nos. 13720–13722.

United States Court of Appeals
Fifth Circuit.

Nov. 20, 1951.

Roscoe Pickett, Jr., Atlanta, Ga., Thomas E. Hinson, Lebanon, Tenn., for appellant.

F. Douglas King, Asst. U. S. Atty., J. Ellis Mundy, U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, and RUSSELL, Circuit Judges.

BORAH, Circuit Judge.

Appellants, who are husband and wife, brought these three actions against the United States under the Federal Tort Claims Act of August 2, 1946, as amended,[1] to recover damages for injuries received in a collision between Herman Dover's automobile and a two and one-half ton truck, U. S. Army No. 4909171–S, assigned to State Headquarters and Headquarters Detachment of the Tennessee National Guard. In No. 13,720 the complaint sets forth a claim by the husband for his personal injuries, medical expenses, losses sustained in the disposition of his business, and damage to his automobile. In No. 13721 the husband seeks to recover for loss of his wife's services resulting from the accident and medical expenses incurred in treating her. In No. 13722 the wife claims damages for her personal injuries, including pain and suffering. In each of these complaints the Dovers allege that the injuries sustained were caused by the wanton and willful negligence of Corporal Thomas A. Nelson in the operation of the truck on August 28, 1949, while in line of active duty with the Tennessee National Guard. They also allege that at the time of the injury complained of the Tennessee National Guard was a reserve component of the Army of the United States and that employees of the Tennessee National Guard were employees of the United States Government.

In each of these cases the United States moved for a summary judgment on the ground that Corporal Nelson was not an employee of the United States acting within the scope of his office or employment as required by the Federal Tort Claims Act. The affidavits submitted in support of the motions aver that on August 28, 1949, Corporal Thomas A. Nelson was a member of State Headquarters and Headquarters Detachment, Tennessee National Guard, National Guard of the United States; that the truck in question had been loaned by the United States Army to the

1. Title 28, U.S.Code, sections 1346(b), 2671 et seq.

Tennessee National Guard and Corporal Nelson was driving it under competent orders from Fort Jackson, South Carolina, to Nashville, Tennessee, having participated in summer field training with the Tennessee National Guard pursuant to authority contained in Training Authority No. 40, Chief, National Guard Bureau, Department of the Army; and that the State Headquarters and Headquarters Detachment was not at that time in the active federal military service of the United States.

The trial court sustained the motions for summary judgment and the Dovers have appealed.

The sole issue presented by these appeals is whether Corporal Nelson was an employee of the United States within the meaning of the Federal Tort Claims Act. Appellant insists that the driver was an employee of the United States and that the trial court erred in sustaining the Government's motion for summary judgment. We do not agree.

Section 58 of the National Defense Act of June 3, 1916, as amended, Title 32, U. S.C.A., § 4a, provides that the National Guard of the United States shall be a reserve component of the Army of the United States, but expressly provides "That the members of the National Guard of the United States shall not be in the active service of the United States except when ordered thereto in accordance with law, and, in time of peace, they shall be administered, armed, uniformed, equipped, and trained in their status as the National Guard of the several States, Territories, and the District of Columbia, * * *."

At the time of the accident, as disclosed by the affidavit of The Adjutant General of the Army, and the affidavit of the Acting Chief, Army Division, National Guard Bureau, the State Headquarters and Headquarters Detachment, Tennessee National Guard was not in the active federal military service of the United States. It is true that by statute the unit was a reserve component of the Army of the United States and was subject to being ordered into the active service of the United States, but until such time as it was ordered into active service it remained in the status of the National Guard of the State of Tennessee. It follows that Corporal Nelson was an employee of the State, not of the United States, and that the Government was not liable for his acts. See Williams v. United States, 10 Cir., 189 F. 2d 607, and the many cases there cited.

The judgment of the District Court is affirmed.