## SATCHER v. UNITED STATES.
### No. 1181.

United States District Court,
W. D. South Carolina,
Greenwood Division.
Jan. 16, 1952.

Joe F. Anderson, Edgefield, S. C., for plaintiff.

John C. Williams, U. S. Atty., Frank E. Jordan, Jr., Asst. U. S. Atty., Greenville, S. C., for defendant.

WYCHE, Chief Judge.

The above case is before me upon motion of the defendant for summary judgment.

Upon hearing of the motion the parties stipulated the following facts:

This action is brought pursuant to Section 2671, Title 28 U.S.C.A., known as the Federal Tort Claims Act.

The plaintiff is a resident of the Greenwood Division of the Western District of South Carolina, and this Court has jurisdiction of the action.

On July 20, 1950, at about 5:30 p. m., the plaintiff and her husband were driving one 1950 model Ford automobile along Gervais Street in the City of Columbia, South Carolina, in a careful and proper manner. It is not claimed that the plaintiff was in any way negligent at the time of the accident hereinafter mentioned.

One James B. Overstreet, who was enlisted in the 48th Infantry Division of the Georgia National Guard, was driving a G. M.C. truck, U.S.A. 4208089, and was operating the truck in a negligent manner and as a result a collision occurred between the truck and the automobile in which the plaintiff was an occupant. Certain damage was done to the Ford automobile belonging to the plaintiff in the amount of $330.27. No stipulation is made as to the extent of any personal injuries to the plaintiff. The vehicle that was driven by James B. Overstreet was the property of the United States. James B. Overstreet had attended a two-weeks National Guard Training Camp at Fort Jackson, South Carolina, and was at the time of the accident returning to his home at Savannah, Georgia.

The affidavit of David S. Rumbough, Colonel, NGB, Executive, National Guard Bureau, discloses that he has examined the records on file in the office of the National Guard Bureau, Department of the Army, pertaining to the Georgia National Guard, and more particularly, pertaining to the 48th Division Artillery, and that the Georgia National Guard, and more particularly, the 48th Division Artillery, was not in the active Federal Military service of the United States on July 20, 1950, the date of the accident heretofore described.

The sole issue involved in this controversy is whether or not a person engaged in training with a National Guard Unit is an employee of the Government of the United States within the meaning of Title 28 U.S.C.A. § 1346(b), known as the Federal Tort Claims Act.

National Guard Units compose the militia of the various States of the Union and are subject to certain Federal control. Sections 21, 32 and 33 of Title 32, U.S.C.A., provide for appropriation of Federal funds for the purpose of supporting the National Guard and for furnishing them with certain equipment so that the equipment used by the various National Guard Units in the course of their training will be identical with equipment used by the Regular Army of the United States and thereby make National Guard Units a more active reserve component. The Department of the Army furnishes to these National Guard Units in training the equipment necessary for their training and for this reason the truck involved in the present action had been loaned by the Government of the United States to the National Guard of the State of Georgia.

National Guard Units of the various states are subject under the laws of the United States to be mustered into the Regular Army of the United States under directive of the President when Congress shall have declared a National Emergency, 32 U.S.C.A. § 81, but until such assigning of a unit is ordered by the President into the regular armed forces of the United States, the National Guard Unit remains a component part of the State Militia and not of the Federal armed forces.

As stated by the Court in the case of Williams v. United States, 10 Cir., 189 F.2d 607 at page 608: "Section 58 of the National Defense Act of June 3, 1916, as amended by the Act of June 15, 1933, 48 Stat. 153, 32 U.S.C.A. § 4a, provides that the National Guard of the United States 'shall be a reserve component of the Army of the United States * * *,' but 'That.

the members of the National Guard of the United States shall not be in the active service of the United States except when ordered thereto in accordance with law, and, in time of peace, they shall be administered, armed, uniformed, equipped, and trained in their status as the National Guard of the several States, Territories, and the District of Columbia, * * *.'"

 Unless a National Guard Unit has been ordered into active federal service the members thereof are not employees of the United States within the meaning of the Federal Tort Statute. Mackay v. United States, D.C., 88 F.Supp. 696.

For the foregoing reasons I am of the opinion that the motion for summary judgment should be granted, and

It Is So Ordered.