**LARKIN v. UNITED STATES.**
**KOSSUTH et al.**
**v.**
**UNITED STATES.**

Civ. No. 3993.

United States District Court
N. D. New York.

July 10, 1952.

Scanlon, Wright & Willmott, Daniel Scanlon, Watertown, N. Y., for plaintiffs.

Edmund Port, U. S. Atty., Syracuse, N. Y., for the United States.

BRENNAN, Chief Judge.

The complaint alleges that on July 31, 1950, the defendant was the owner of a certain army transport truck which, while being operated over the public highway near the City of Watertown, New York, came into collision with a passenger automobile owned by plaintiff Connie Larkin and operated by her husband Robert S. Larkin, and in which the plaintiffs Kossuth, St. Clair, Howlan and Karpuk were passengers. The collision referred to resulted in damage to the Larkin automobile, personal injuries to Robert E. Larkin, which caused his death, and in personal injuries to the remaining passenger-plaintiffs.

It is further alleged that the truck was operated at the time of the above accident in a negligent manner, causing the damages and injuries above referred to, by one Smalley "—then a private on active duty in summer training under the orders of the War Department with the 43rd Division, National Guard of the United States."

The two actions here arise from the accident above referred to, and they seek to recover money judgments for the property damage, injuries to the person of plaintiffs and for damages resulting from the death of Robert E. Larkin. Both actions are based upon the provisions of the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq.

The defendant has moved in each of the above actions to dismiss same, because the court lacks jurisdiction in that the defendant has not waived its im-

munity from suit under the circumstances alleged in the complaints, and to dismiss each of the actions upon the ground that the complaints fail to state claims against the defendant upon which relief can be granted, or, in the alternative, for a summary judgment in favor of the defendant.

The moving papers are supported by affidavits and certificates which are attached to the notice of motion or later filed with the permission of the court, the burden of which is that Smalley, the driver of the truck at the time and place of the accident above referred to, was a member of Company L, 172nd Inf. Reg., which was part of the National Guard of the State of Vermont; that such military unit was located at Pine Camp, New York, for training purposes, and was not in the active military service of the United States on the date above referred to. The conclusion urged is that Smalley was not an employee of the government at the time of the accident, 28 U.S.C.A. § 1346(b), and that these actions may not be maintained.

The plaintiffs do not contradict the moving papers as to the status of the driver of the army truck at the time of the accident, although the decision of this motion has been delayed about four months to afford such an opportunity. The issue is then solely one of law as to the status of a member of the National Guard not in federal service. At the present time the question can hardly be considered as an open one. All reported cases, which are brought to the court's attention, hold that a member of a National Guard of a state which has not been called into active federal service is not an employee of the United States, so as to impose a liability upon the government under the provisions of the Tort Claims Act, above referred to. A citation of a few reported cases is sufficient to support the conclusion, and a repetition of the discussion found therein is unnecessary here. Dover v. United States, 5 Cir., 192 F.2d 431; Williams v. United States, 10 Cir., 189 F.2d 607; Satcher v. United States, D.

C., 101 F.Supp. 919; Glasgow v. United States, D.C., 95 F.Supp. 213; Mackay v. United States, D.C., 88 F.Supp. 696.

The conclusion is reached that no genuine question of fact exists in these two actions, and that the defendant is entitled to a summary judgment dismissing the complaint in each action.

Judgments are ordered accordingly.