In the Matter of the Claim of BEN PARIS, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.

Third Department, January 27, 1954.

*John T. DeGraff* and *John J. Kelly, Jr.,* for appellant.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown* and *Francis R. Curran* of counsel), for respondent.

IMRIE, J. From July, 1951, until August 31, 1952, claimant was a member of the civilian personnel in the Division of Military and Naval Affairs of the State. His service was discontinued on the latter date because of the return from military service of the former incumbent. The Unemployment Insurance Appeal Board, adopting the findings and conclusions of a referee, affirmed his decision sustaining the initial determination of the Industrial Commissioner that claimant was ineligible for unemployment insurance benefits. Claimant appeals to this court from the decision of the appeal board.

Originally article 18 of the Labor Law (Unemployment Insurance Law) did not apply to State employees. Chapter 507 of the Laws of 1947, amended section 513 of that law to include the State of New York as an employer and added subdivision 5 to section 590. Subdivision 5 contains no affirmative statement as to any class of State employees entitled to unemployment benefits but does, in effect, exclude from such benefits one " who was employed in the unclassified service of the state as defined in section nine of the civil service law ". Claimant asserts his right to benefits on the ground that he was not employed in the unclassified service of the State.

The 1947 amendments were designed to extend coverage for unemployment insurance benefits to the classified civil service only. In his 1947 message to the Legislature Governor Dewey said, " During the past four years, your Honorable Bodies have, upon my recommendation, adopted important measures to broaden and improve our system of unemployment insurance coverage. This year I urge that the benefits of that system be extended to full time, State employees in the classified service." A memorandum of the State Placement and Unemployment Insurance Division concerning the proposed legislation stated, " The practical effect of these limitations is that only employees of the State who have been in the classified service for one year or more are covered." (1947 N. Y. State Legis. Annual, p. 198.) It is clear that subdivision 5 of section 590 does not in terms limit unemployment benefits to the classified service of the State.

The exclusory language above noted may have been considered sufficient to accomplish the desired purpose in view of the traditional separation of the personnel of the military establishment from the civil officers and employees of the State. Subdivision 3 of section 2 of the Civil Service Law includes in the civil service, " all offices and positions of trust or employment in the service of the state * * * except such offices and positions in the militia and the military departments as are or may

be created under the provisions of article eleven of the constitution ", language carried forward from the Civil Service Law of 1899.

'' The term 'military service of the state' as to military personnel shall mean service in or with a force of the organized militia or in the division of military and naval affairs of the executive department of the state. As to civilian personnel, it shall mean service in the division of military and naval affairs and not in the civil service of the state." (Military Law, § 1, subd. 7.) '' Personnel employed in the division of military and naval affairs shall be considered as being in the military service and not in the civil service of the state." (Military Law, § 19, subd. 4.) Former section 19 was amended by chapter 588 of the Laws of 1921, to insert the sentence, '' The assistants, clerks, employees and laborers provided for by this section shall be considered as being in the military service of the state and shall be subject to military discipline." Chapter 114 of the Laws of 1924 added to former section 219 the sentence, '' The employees at the headquarters of the national guard shall be considered as being in the military service of the state and shall be subject to military discipline." Present section 1 was added by chapter 825 of the Laws of 1950, with subdivision 7 thereof reading, in part, "As to civilian personnel, it shall mean service in the division of military and naval affairs and not in the civil service of the state." By the same enactment section 19 was rewritten, subdivision 4 thereof reading, '' Personnel employed in the division of military and naval affairs shall be considered as being in the military service of the state." The words '' and not in the civil service of the state" were added to that subdivision by chapter 838 of the Laws of 1951. The Third Interim Report of the Joint Legislative Committee to Study the Military Law, 1951 (N. Y. Legis. Doc., 1951, No. 35, p. 27), said, in explanation of the latter amendment, '' Subdivision 4 is derived from the last sentence of present sections 19 and 219 and is included because of pension and other privileges available to those in 'military service' as distinguished from employees in the civil service of the state."

The historical distinction between military personnel and civil officers and employees of the State is plainly incorporated in the Civil Service Law and the Military Law. Such distinction has likewise had judicial recognition.

In *Goldstein* v. *State of New York* (281 N. Y. 396, 403, 406) the Court of Appeals held that persons engaged in the military service were not officers or employees of the State within the

contemplation of former section 12-a of the Court of Claims Act. In refusing to accept the contention of the State in that case that claimants' decedent (a member of the militia in active service) was an employee of the State within the meaning of the Workmen's Compensation Law, Judge HUBBS said (p. 403), " They [militiamen engaged in active service] are not employees of the State within the meaning of the law.''

In *Newiadony* v. *State of New York* (276 App. Div. 59, 61–62) Mr. Justice BERGAN, writing for this court, analyzed the effect of the State's waiver of immunity with respect to a claim against the State based upon alleged negligence of a sergeant of the New York Guard. Pointing out the inherent limitations of an analogy between a government and an individual or corporation he said, " There are some kinds of activities in which no private citizen engages which are functions characteristic of a sovereign. * * * Immunity from suit without consent is not all that can be said about the jural relations of a sovereign to its citizens. There are some public functions which by their nature could impose no liability even if all sovereign immunity were fully waived. * * * We think there can be no such liability arising from the ' torts ' of the militia, either the result of force in its functions or force in what is an incident to its function, its organization and training.''

Benefits under the Unemployment Insurance Law relate to remuneration paid by an employer to his employee. (§§ 517, 518.) While it may be true, as claimant contends, that he was not within the statutory exclusion of persons employed in the unclassified service of the State (§ 590, subd. 5), he has not shown that he was an employee of the State at all, within the meaning of the Unemployment Insurance Law.

The decision should be affirmed, without costs.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Decision affirmed, without costs. [See *post,* p. 977.]