**BELLVIEW v. UNITED STATES.**
## Civ. A. No. 1523.

United States District Court
D. Vermont.

May 21, 1954.

A. Pearley Feen, Burlington, Vt., for plaintiff.

Louis G. Whitcomb, U. S. Atty., District of Vermont, Springfield, for defendant.

GIBSON, District Judge.

Defendant filed a motion for summary judgment pursuant to Rule 56(b) of Federal Rules of Civil Procedure, 28 U.S. C.A.

Plaintiff's action was brought under the Federal Tort Claims Act, 28 U.S.C.A. § 1346. The complaint alleged that the plaintiff was injured in an automobile accident that occurred on July 16, 1953, near Fort Ethan Allen, Vermont, when a car he owned, and which he was driving, collided with a car owned by the United States and which was then being driven by Lt. Col. J. R. Kingston of the United States Air Force. The plaintiff claims the accident was the result of negligent driving on the part of Lt. Col. Kingston, who was then and there driving defendant's automobile within the scope of his duties as a Lieutenant Colonel, United States Air Force.

It appears from the affidavit of Lt. Col. Kingston, which was a part of the motion for summary judgment, that on June 5, 1951, he was assigned to St. Michael's College in Winooski, Vermont, as Professor of Air Science and Tactics for the Air Force Reserve Officers' Training unit located at St. Michael's, and that at the time of the accident he, with the Vice-President of the College, were on their way to represent the College at a summer camp review of the Air Force Reserve Officers' Training Corps Cadets.

### Conclusion of Law

The defendant contends that Lt. Col. Kingston was not a Government employee at the time of the accident within the meaning of the Federal Tort Claims Act. It argues that at that time he was serving as a professor and instructor on the faculty of St. Michael's College.

With this contention I cannot agree. Lt. Col. Kingston was an officer on active duty with the United States Air Force. He was ordered to duty at St. Michael's College. He was subject at any moment to be reassigned by the United States Air Force. His main source of livelihood comes from his salary as a Lieutenant Colonel, United States Air Force. I find he was an employee of the United States within the meaning of the Federal Tort Claims Act. U. S. v. Holly, 10 Cir., 192 F.2d 221, 223.

Since Rule 56(c) provides that summary judgment shall be rendered forthwith only if there is no genuine issue as to any material fact, and since the questions of negligence, contributory negligence, and whether or not Lt. Col. Kingston was acting within the scope of his authority are disputed questions of fact, the motion for summary judgment must be denied.