**LA BOMBARD v. UNITED STATES.**
Civ. A. No. 1556.

United States District Court,
D. Vermont.
July 2, 1954.

Lisman & Lisman, Burlington, Vt., for plaintiff.

Louis G. Whitcomb, U. S. Atty. Dist. of Vermont, Springfield, Vt., for defendant.

GIBSON, District Judge.

Defendant filed a motion for summary judgment pursuant to Rule 56(b) of Federal Rules of Civil Procedure, 28 U.S. C.A.

Plaintiff's action was brought under the Federal Tort Claims Act, 28 U.S. C.A. § 1346. The complaint alleged that the infant plaintiff, while lawfully upon the premises of a private landowner in Isle LaMotte, Vermont, was injured by the explosion of an undischarged smoke bomb which he found lying upon these premises. Two days prior to this occurrence, the Reserve Officers Training Corps unit of the University of Vermont had, under the direction of the Regular Army officers attached to the unit, conducted invasion maneuvers upon these same premises.

Defendant's motion for summary judgment is based on two grounds:

1. That the Army officers assigned to the Reserve Officers Training Corps were not employees of the United States;

2. That the plaintiff's complaint fails to invoke the necessary doctrine of respondeat superior in that it does not allege an identifiable agent of the United States as having committed the wrong complained of. Numerous exhibits and affidavits are attached to defendant's motion in support thereof.

On the opinion of this Court in Bellview v. United States, D.C.Vt., 122 F.Supp. 97, I hold there is no merit in defendant's first contention. As to its second contention—whether or not the

undischarged smoke bomb was left on Isle LaMotte by reason of the negligence of an agent of the defendant acting within the scope of his authority—is a question of fact. Hence, summary judgment cannot here be properly granted. Rule 56(c), F.R.C.P.; Parmalee v. Chicago Eye Shield Co., 8 Cir., 157 F.2d 582, 168 A.L.R. 1130.

The motion is denied.