Ralph **COURTNEY** and Mildred Courtney, Plaintiffs-Appellants,

v.

**UNITED STATES** of America and Donald Truex, Defendants-Appellees.

John **KESSLER** and Edith Kessler, Plaintiffs-Appellants,

v.

**UNITED STATES** of America and Donald Truex, Defendants-Appellees.

Nos. 157, 158, Dockets 23736, 23737.

United States Court of Appeals Second Circuit.

Argued Dec. 21, 1955.

Decided Feb. 16, 1956.

Lumbard, Circuit Judge, dissented.

Phelps, Gray & Mansour, Niagara Falls, N. Y. (Salem G. Mansour and Joseph J. Mansour, Niagara Falls, N. Y., of counsel), for plaintiffs-appellants.

John O. Henderson, U. S. Atty., for the Western District of New York, Buffalo, N. Y. (Alexander C. Cordes, Asst. U. S. Atty., Buffalo, N. Y., of counsel), for defendant.

Before FRANK, HINCKS and LUMBARD, Circuit Judges.

HINCKS, Circuit Judge.

The sole issue on these appeals is whether a civilian caretaker employee of a federally recognized but nonactivated National Guard unit is an "employee" of the United States within the meaning of the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b). The District Court held that he is not such an "employee" in an opinion reported at 126 F.Supp. 217.

Truex, the alleged Government "employee," was a civilian caretaker of federal equipment loaned to the federally recognized but not activated New York National Guard. The claims sued on arose out of his conduct in driving a military vehicle known as a Tank Retriever M–32 entrusted to his care. His employment depends ultimately on 32 U.S.C.A. § 42 which authorizes the employment of caretakers, under regulations of the Secretary of the Army, for the care and maintenance of material, animals, armament, and equipment belonging to the United States and assigned to National Guard organizations. 32 U.S.C.A. § 47. The Secretary of the Army, pursuant to National Guard Regulations No. 75–16, dated December 29, 1947, "has delegated to the several adjutants general of States, Territories, and the District of Columbia, authority to employ, fix rates of pay, establish duties and work hours (not to exceed 40 hours per week), and to discharge employees within the purview of this regulation; *subject to* the provisions of law and such instructions as may from time to time be issued by the Chief, National Guard Bureau." It was agreed that Truex was paid by the Government.

The adjudicated cases appear to be unanimous in treating caretaker employees of non-activated National Guard units as "employees" within the meaning of the Act. United States v. Holly, 10 Cir., 192 F.2d 221; Elmo v. United States, 5 Cir., 197 F.2d 230; United States v. Duncan, 5 Cir., 197 F.2d 233.[1] However, these same courts hold that *members* of such units are not "employees" within the Act. Williams v. United States, 10 Cir., 189 F.2d 607; Dover v. United States, 5 Cir., 192 F.2d 431; McCranie v. United States, 5 Cir., 199 F.2d 581.[2]

---

1. Cf. O'Toole v. United States, 3 Cir., 206 F.2d 912; Watt v. United States, D.C. E.D.Ark., 123 F.Supp. 906.

2. Mackay v. United States, D.C.Conn., 88 F.Supp. 696; Larkin v. United States, D. C.W.D.N.Y., 118 F.Supp. 435; Satcher v.

The Government argues that the same considerations governing treatment of National Guard members should govern classification of National Guard employees since both classes are paid from federal funds, authorized by federal statute, compensated under regulations of the Secretary of the Army, paid on standard U. S. Forms, and federally regulated. However, since there is no controlling precedent in this Circuit establishing the status of National Guard members under the Act, we are unwilling to base our decision on the suggested premise.

■■ We agree with the Holly, Elmo, and Duncan decisions, supra.[3] The District Court distinguished those cases because they did not involve the New York National Guard and cited New York authority to the effect that enlisted guardsmen are agents of the State of New York. The appellants vigorously contest the applicability of that authority to civilian employees such as Truex. But we need not decide whether or not Truex is an "employee" of the State of New York. Whether he was an "employee of the Government" is wholly a federal question based upon federal statutory interpretation. 28 U.S.C.A. §§ 1346(b), 2671. Consequently, his status under New York law is irrelevant. Moreover, we know of no rule of law that service to federal and state governments is incompatible or that one cannot be an "employee" for some and not for other purposes.

Reversed and remanded.

LUMBARD, Circuit Judge (dissenting).

The only question on this appeal is whether Truex was an employee of the United States within the meaning of the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b). This question turns on the nature of the arrangement authorized by § 90 of the National Defense Act, 32 U.S.C.A. §§ 42, 42a; and the regulations issued under it. In my opinion this statute merely authorized compensation of state employed caretakers from federal funds on certain conditions. The crucial question is whether the State of New York or the federal government had the responsibility and authority to control Truex's activities. Examination of the relevant statutes and regulations leads me to believe that this responsibility and authority was in the State.

The plaintiffs concede, although my brothers do not, that a member of the National Guard is not a federal employee, and the decisions are apparently unanimous in supporting that conclusion. E. g., Dover v. United States, 5 Cir., 1951, 192 F.2d 431; Williams v. United States, 10 Cir., 1951, 189 F.2d 607; see United States ex rel. Gillett v. Dern, 1934, 64 App.D.C. 81, 74 F.2d 485, 487. But it is undisputed here that the decision to hire Truex and the examination of his qualifications was made by National Guard officers, that he received his training from National Guard officers, and that he received his orders and instructions from National Guard officers. From all that appears in the record Truex never had any contact in the course of his duties with any federal officer or employee. Since Truex was under the supervision and control of persons who were not federal employees, it is difficult to conclude that he was employed and controlled by the United States. It is not enough to say that he was paid from federal funds; members of the National Guard are themselves paid from federal funds, 32 U.S.C.A. Chapter 10, but this has not been held to make them federal employees.

Plaintiffs, however, argue that in hiring Truex and supervising his activities,

United States, D.C.W.D.S.C., 101 F. Supp. 919; Glasgow v. United States, D.C.N.D.Ala., 95 F.Supp. 213. But cf. La Bombard v. United States, D.C.Vt., 122 F.Supp. 294.

3. In each of those decisions the caretaker was also a member of the Guard. In the instant case the employee, Truex, was not. Therefore, even assuming the validity of Williams, Dover, and McCranie, supra, the case here is stronger for the appellants.

the National Guard officers were acting pursuant to authority delegated to them by the Secretary of the Army, presumably that they were themselves *pro tanto* federal employees. The language of National Guard Regulation 75–16 gives some support to this argument:

"The Secretary of the Army has delegated to the several adjutants general of States, Territories, and the District of Columbia, authority to employ, fix rates of pay, establish duties and work hours (not to exceed 40 hours per week), and to discharge employees within the purview of this regulation * * *"

But it seems to me that examination of the Defense Act itself reveals that the special authority of the Secretary of the Army with respect to caretakers extends only to the power to fix their salaries and designate by whom they are to be employed. 32 U.S.C.A. § 42. Apart from these powers he has no greater control over caretakers than over enlisted men and officers of the National Guard. With respect to all members of the federally recognized National Guard the Secretary has wide powers to prescribe regulations, but these are merely pursuant to the federal government's power to attach conditions to the use of federal funds; they do not indicate that members of the Guard have come under such control of the federal government as to be its servants. The Secretary of the Army himself would have no authority to issue an order directly to an officer or member of the Guard nor to the caretaker involved here. He may merely prescribe regulations to which the States must adhere if they wish to continue to receive federal funds for the employment of such caretakers. This view is reinforced by the clear indication in the Defense Act that the states have the duty of maintaining and protecting the federal property entrusted to them. 32 U.S.C.A. §§ 33, 47. United States v. Holly, 10 Cir., 1951, 192 F.2d 221; Elmo v. United States, 5 Cir., 1951, 197 F.2d 230; and United States v. Duncan, 5 Cir., 1952, 197 F.2d 233, stand squarely opposed to this conclusion, but they do not sufficiently distinguish between control of the caretakers and the attachment of conditions to the receipt of federal funds for their compensation.

With the enormous proliferation of federal government activities directly and indirectly through subsidies and other types of remuneration, it seems to me a holding that Truex was a federal employee would open the door of the federal treasury to a great number of claims which Congress never had in mind. The federal government is certainly not liable for the activities of every person into whose pay check federal funds ultimately find their way. Nor can it make a difference that the federal government attaches some conditions to the use of those funds. I am unable to find the United States answerable for the acts of a caretaker like Truex without some more explicit statement by Congress that it so intends.