**William MAISONET, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 11343.**

United States District Court
E. D. New York.

March 6, 1958.

Philip Brown, Brooklyn, N. Y., for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., Alfred Sawan, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for defendant.

BRUCHHAUSEN, District Judge.

The plaintiff sues under the Federal Tort Claims Act for damages for personal injuries.

He testified, in substance, that on December 25, 1948, he was engaged in fishing in the waters off shore from a military installation, known as Camp Tortuguero, Puerto Rico; that he or one of his companions encountered a metal object at a point about 35 feet from shore, lying on the bottom of the Atlantic Ocean in about 12 feet of water; that the metal object was about a foot in length, rounded at both ends with three prongs on the top; that the object was removed, placed in the boat and taken to the shore with the intent of having a war veteran examine it; that while being carried by plaintiff's companion, it fell to the ground, exploded and injured the plaintiff.

# 870

The Federal Tort Claims Act, 28 U.S.C.A. 1346(b), provides that a claimant thereunder must prove negligence of an employee of this Government while acting within the scope of his employment, under circumstances where the United States, if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred. Neither the testimony of the plaintiff nor that of the only other witness, Rodriquez, met the requirement. The plaintiff testified that both Puerto Rican and United States Army personnel occupied the Camp and wore the same type of clothing and insignia. The plaintiff's witness Miguel Rodriquez stated that he didn't know whether the Puerto Ricans or United States soldiers fired ammunition from the Camp.

The plaintiff further stated that there was target practice in and about the Camp in 1946 and 1947. Rodriquez testified that he heard firing in 1947. The defendant submitted evidence that the Camp was discontinued as a military installation on July 1, 1946, almost two and a half years prior to the accident, complained of.

A basic weakness in the plaintiff's claim is there is no showing that the object complained of or anything resembling it emanated from the Camp. The plaintiff states that he never saw the guns, used for firing, while Rodriquez avers that the only firing he saw was by means of rifles. There can be no reasonable inference that the peculiar object found in the sea came from a rifle or other firing instrument from shore. In fact, there is reason to believe that it did not. It may well have come from a ship, not controlled by the defendant.

The cases of Hunt v. City of New York, 257 N.Y. 533, 178 N.E. 783, La Bombard v. United States, D.C., 122 F. Supp. 294 and Schmidt v. United States, 10 Cir., 179 F.2d 724, cited by the plaintiff, are readily distinguishable.

The Hunt case did not involve the Tort Claims Act. The exploding grenade was identified as one similar to that used by American soldiers in the very park where it was found.

La Bombard resembled the Hunt case. Therein also the missile, a smoke bomb, was found at the place where the soldiers held forth. Significantly the Court held that whether it was left there by an employee of the Government, while acting within the scope of his authority, was a question of fact for determination by the Court.

In Schmidt the shells, which later exploded, were found at the target range on a military reservation, admittedly under the control of the United States. That the shells were used by the personnel was not questioned.

The defendant is entitled to judgment. Submit findings and decree.