■ In the Matter of ANTHONY J. ANSELMO et al., Appellants, v. NELSON A. ROCKEFELLER, as Governor of the State of New York and Commander-in-Chief, et al., Respondents.— In an article 78 [Civ. Prac. Act] proceeding in the nature of mandamus petitioners appeal from an order of Supreme Court at Special Term which dismissed the petition. Petitioners employed in civilian capacities as National Guard technicians at a Federal missile base located in New York State were first suspended and later dismissed from their employment. Their petition alleges that they occupied permanent positions in the competitive class of the classified civil service of the State and were entitled before discharge to a hearing upon stated charges (Civil Service Law, § 75, subd. 1, par. [a])

which concededly was not afforded them. Restoration to their former statuses with back pay is the relief which is sought. The positions occupied by petitioners were created by a Federal statute (U. S. Code, tit. 32, § 709, subds. [a], [b]); their compensation was fixed by the Secretary of the Army and wholly paid from Federal funds. (U. S. Code, tit. 32, § 709, subds. [e], [f].) Regulations which he promulgated for administering the Army National Guard Technician Program under delegated authority to the Adjutants General of the various States governed their employment and discharge, controlled their work activities and the conditions of their employment in respect to salary schedules, pay periods, leaves of various types, hours of work, travel and per diem allowances, brought them within the purview of the Federal Employee's Compensation Act, granted Federal unemployment insurance benefits and subjected them to the provisions of the so-called Hatch Act. (National Guard Regulations No. 51.) The Federal Government has assumed liability for their torts (U. S. Code, tit. 32, § 715) and has undertaken the payment of the employer's contributions to the Social Security system. These indicia of employment demonstrate to our satisfaction that petitioners in their roles of civilian technicians were not State employees and hence were not improperly deprived of the benefits of the discharge procedure provided by the Civil Service Law of the State. (*Matter of Paris* [*Corsi*], 283 App. Div. 236, affd. 308 N. Y. 698; see, also, *Washington State Nat. Guard* v. *Washington State Personnel Bd.*, 379 P. 2d 1002 [Wash.].) As members of the State militia petitioners are expressly excluded from the civil service of the State. (Military Law, § 1, subd. 6; § 19, subd. 4; Civil Service Law, § 2, subd. 5.) Order unanimously affirmed, without costs. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.