Hon. Vito J. Castellano Major General Chief of Staff to the Governor Division of Military and Naval Affairs
This is in response to your request by letter, as amplified by telephone conversations with Legal Officer, Lt. C. Roger Lunden, for an opinion as to whether or not you, as Chief of Staff to the Governor and head of the Division of Military and Naval Affairs, are authorized to execute a trust agreement, as an employer, in order to establish a life and health insurance plan for technician personnel of the New York Army and Air National Guard.
You have informed me that the establishment of a life and health insurance plan which includes all types of group insurance, retirement annuity contracts and retirement income policies, has been proposed for technician personnel of the New York Army and the Air National Guard. The prospective insurer, a life insurance company, has proposed to implement this plan by the use of a trust fund established by an employer. The Chief of Staff to the Governor has been proposed as the "employer" pursuant to Insurance Law, § 204. Aside from being an executing party to the trust agreement as the employer establishing the trust fund, the Chief of Staff will have no further involvement with or obligations under the trust agreement. The trustee is to be a New York State banking association, with premiums for the trust fund to be paid entirely by the technician employees who desire to participate in the plan.
You refer me to an opinion of the Attorney General (1964 Atty. Gen. 13) which determined that the Chief of Staff has the authority to negotiate an insurance plan providing, at no cost to the State, health and hospital benefits to Army and Air National Guard technicians and to enter into an agreement with the Secretary of Defense authorizing payroll deductions from United States payrolls for payment of the health insurance premiums.
It appears that the proposed plan does not meet the requirements of section 204 of the Insurance Law which section outlines the types of group life insurance policies allowed to be issued in this State. More specifically, the proposed plan does not comply with section 204(1)(a) of the Insurance Law which section governs this type of group plan. Under that section, the premium for a group life insurance policy must be paid wholly from the employer's funds or from funds contributed jointly by the employer and employees. The proposed plan outlined above calls for premiums to be paid entirely by the technician employees with no contributions to be made by the employer. Thus, the plan submitted here, on its face, does not comply with the Insurance Law.
Moreover, if the proposed plan were amended to require the Chief of Staff to contribute funds as an employer, there is a serious doubt whether he could be the type of contributing employer envisioned by Insurance Law, § 204 (1) (a). As the Opinion of the Attorney General cited above stated, the technicians are full time civilian employees of the Army and Air National Guard paid by the Federal Government, and employed by the Chief of Staff pursuant to authority delegated by the Secretaries of the Army and the Air Force. These technicians are not considered to be State employees under the Civil Service Law. (Matter of Anselmo v.Rockefeller, 19 A.D.2d 761 [3d Dept., 1963], mot. for lv. to app. den.13 N.Y.2d 599 [1963].) There appears to be no provision allowing the Chief of Staff to make contributions of State money in furtherance of employee life insurance plans for persons who are not State employees. Absent such a statutory authorization, any contribution would be a gift of State money prohibited by the New York State Constitution, Article VII, § 8.
As to group accident and health insurance policies, Section 221(2) (a) of the Insurance Law would allow the entire premium to be contributed by the employee, provided at least 75% of the eligible employees elect to participate. As far as group annuities are concerned, Section 223(2) (a) permits a contract issued directly to an employer to be wholly contributory by the employee, though Section 223(2) (d) would not allow an employee pay-all annuity contract if it is issued to an employer-trustee fund.
Therefore, I conclude that the Chief of Staff to the Governor is not authorized to execute a trust agreement, as an employer, in order to establish a life and health insurance plan for technician personnel of the New York Army and Air National Guard.