GEORGE R. BELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 64041. Filed June 11, 1958.

*George R. Bell, pro se.*
*Renae Reeder Hubbard, Esq.*, for the respondent.

The Commissioner has determined deficiencies in petitioner's income tax for the years 1952 and 1953 in the respective amounts of $2,594.40 and $1,038.30. The deficiency for each of the taxable years is due to the determination by the Commissioner as stated in his deficiency notice:

The salaries paid to United States citizens for work performed in American Samoa are not exempt from taxation under the provisions of section 251 of the Internal Revenue Code.

To this determination of the Commissioner, petitioner alleges error as follows:

That the Commissioner of Internal Revenue erred in reversing the opinions of the forementioned [*sic*] Districts that I was not a Federal Employee or employee of an Agency thereof, during the years 1952 and 1953 in American Samoa, and therefore not subject to Federal Tax on salaries earned and wages paid in American Samoa during that time.

FINDINGS OF FACT.

Most of the facts have been stipulated and the stipulation of facts is incorporated herein by this reference.

Petitioner resides in Arlington, Virginia. The returns for the years here involved were filed with the district director of internal revenue for the Baltimore district, Baltimore, Maryland.

Between July 1, 1951, and June 30, 1953, petitioner was employed by the Government of American Samoa in the Department of Public Works. He resided in Samoa during this period. Petitioner was at all times a citizen of the United States. Petitioner received a notice of termination of employment from the United States Navy Department effective June 29, 1951. This notice of termination contained the following explanatory statement of the termination of petitioner's employment: "Disestablishment of U. S. Naval Gov't Unit, Tutuila, American Samoa."

On April 4, 1952, the Chairman of the United States Civil Service Commission wrote to the Office of Territories, Department of the Instated, among other things, as follows:

8. Position Title—Engineer
9. Service, Grade, Salary—Grade 12 $7440 per annum plus 25% cost of living allowance .
10. Organizational Designations—Public Works Dept.
11. Headquarters—Pago Pago, Tutuila American Samoa

This amendment changes the rate of pay to provide the base salary similar to the salary that would be paid if the position was in the federal service.

On April 4, 1952, the Chairman of the United States Civil Service Commission wrote to the Office of Territories, Department of the Interior, Washington, D. C., stating as follows:

This is in reference to your letter of February 19, 1952, requesting that the Commission modify its ruling of June 28, 1951, that United States citizens working in American Samoa must be considered employees of the Government of American Samoa rather than employees of the United States, and rule that the positions held by such employees be considered as Federal positions as long as they are filled by the incumbents under existing employment agreements.

The Commission realizes that the Department of the Interior and the Government of American Samoa have a very difficult administrative and morale problem of Samoa. It seems to us, however, that the solution proposed is beyond our power. We have ruled that the positions involved are not Federal positions. The fact that the individuals concerned accepted the positions with the understanding that they were to be considered Federal employees does not make the positions Federal positions. Consequently we do not see how we can modify our previous ruling in the manner that you have requested.

In an audit report to the Congress of the United States entitled "Government of American Samoa, Department of the Interior, for the Fiscal Year Ended June 30, 1953," by the Comptroller General of the United States, he stated on page 3 of the report, as follows:

*1. Recruitment of employees*

The Government has experienced considerable difficulty in recruiting qualified employees for technical positions, although the technical skills required for positions in the Government have their counterparts in various Federal agencies. The ability to recruit employees from Federal agencies has been handicapped by the fact that upon acceptance of employment with the Government of American Samoa they cease to be Federal employees and lose the benefits which accrue from Federal employment.

Again the Comptroller General stated on page 68 of his audit report, as follows:

Considerable time is required for a contract employee to familiarize himself with the problems of American Samoa and to adjust to working with Samoan employees. As a result, the period of effective service is considerably less than the employees' contract period.

In his income tax return for 1952, petitioner stated as follows:

Inasmuch as I am not an employee of the United States or an Agency thereof it is requested that Federal Income Tax withheld as evidenced by Form W–2 attached be refunded as promptly as possible.

In his income tax return for 1953, petitioner had a similar statement as that used for the taxable year 1952.

It has been stipulated that—

For the year 1952, petitioner was refunded certain taxes as evidenced by U. S. Treasury Department Form 1331, a copy of which is attached hereto and marked as Exhibit 5.

The overpayment claimed on petitioner's income tax return for the year 1953 was refunded to petitioner.

The compensation received by petitioner as an employee of the Government of American Samoa during the years 1952 and 1953 was paid for services performed by him as an employee of an agency of the United States.

OPINION.

BLACK, *Judge:* There are some more or less minor adjustments made by the Commissioner to the net income reported on the returns which petitioner does not contest. However, the Commissioner concedes that if we should sustain the petitioner as to the only issue involved in this proceeding, then there will be no deficiency even though the petitioner does not contest the minor adjustments which have been made.

It is petitioner's contention that his salary, plus 25 per cent cost-of-living allowance, received in each of the taxable years as an employee of the Government of American Samoa is exempt from tax under section 251, I. R. C. 1939.[1]

---

[1] SEC. 251. INCOME FROM SOURCES WITHIN POSSESSIONS OF UNITED STATES.

(a) GENERAL RULE.—In the case of citizens of the United States or domestic corpora-

Petitioner strongly contends that in neither of the taxable years was he an employee of the United States or any agency thereof. He relies upon the letter written by the Chairman of the Civil Service Commission to the Department of the Interior on April 4, 1952, and also to certain comments by the Comptroller General in his audit report to Congress in support of his contention. We have no disposition to question the soundness of the ruling of the Chairman of the Civil Service Commission or the comments of the Comptroller General in his audit report to the effect that employees of the Government of American Samoa are not employees of the United States. It seems entirely correct to say that petitioner was not an employee of the United States Government. But we cannot accept as correct petitioner's second contention that he was not an employee of an agency of the United States. Section 251 (j) of the 1939 Code reads:

(j) * * * For the purposes of this section, amounts paid for services performed by a citizen of the United States as an employee of the United States or *any agency thereof* shall be deemed to be derived from sources within the United States. [Emphasis supplied.]

It seems clear that the Government of American Samoa is an agency of the United States. Therefore, it follows that petitioner's compensation is not immune from income tax under section 251 of the 1939 Code. We have so held under facts similar to those here present in the recent case of *Edward L. Davis*, 30 T. C. 462. Following that case, we sustain the Commissioner on the only issue raised by the pleadings.

*Decision will be entered under Rule 50.*

---

tions, satisfying the following conditions, gross income means only gross income from sources within the United States—

(1) If 80 per centum or more of the gross income of such citizen or domestic corporation (computed without the benefit of this section), for the three-year period immediately preceding the close of the taxable year (or for such part of such period immediately preceding the close of such taxable year as may be applicable) was derived from sources within a possession of the United States; and

\* \* \* \* \* \* \*

(3) If, in case of such citizen, 50 per centum or more of his gross income (computed without the benefit of this section) for such period or such part thereof was derived from the active conduct of a trade or business within a possession of the United States either on his own account or as an employee or agent of another.

\* \* \* \* \* \* \*

(d) DEFINITION.—As used in this section the term "possession of the United States" does not include the Virgin Islands of the United States, and such term when used with respect to citizens of the United States does not include Puerto Rico.

\* \* \* \* \* \* \*

(j) EMPLOYEES OF UNITED STATES.—For the purposes of this section, amounts paid for services performed by a citizen of the United States as an employee of the United States or any agency thereof shall be deemed to be derived from sources within the United States.