Joseph L. BARNETT and Nellie Blanche Barnett, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 1572.

United States District Court
D. Hawaii.

May 12, 1959.

George P. Holt, Honolulu, Hawaii, for plaintiffs.

Louis B. Blissard, U. S. Atty., Honolulu, Hawaii, for defendant.

WIIG, District Judge.

In this action, plaintiff seeks to recover income taxes alleged to have been erroneously and illegally assessed and collected during the years 1949 through 1953. He claims that a portion of the salary received by him as a civilian employee of the Hawaii Air National Guard represented a cost-of-living allowance, which should have been excluded from taxable income for each of the years involved under § 116(j) of the Internal Revenue Code of 1939, as amended. Section 116(j) reads:

"In the case of a clerk or employee in the Foreign Service of the United States, amounts received as cost-of-living allowances under authority of section 3, as amended, of the Act of February 23, 1931; and in the case of an ambassador, minister, diplomatic, consular, or Foreign Service officer, amounts received as post allowances under the authority of section 12, as amended and renumbered, of the Act of May 24, 1924; and in the case of other civilian officers or employees of the Government of the United States stationed outside continental United States, amounts received as cost-of-living allowances in accordance with regulations approved by the President" 26 U.S.C.1952 ed., Sec. 116.

The claims were disallowed by the district director by statutory notices of disallowances dated July 21, 1955 and December 6, 1956. The present action was timely instituted.

During the years in question, plaintiff was employed as a civilian employee with the Hawaii Air National Guard under the authority of § 90 of the National Defense Act of June 3, 1916, as amended, 32 U.S.C. § 42 (now 32 U.S.C. § 709).

Section 42 (now 32 U.S.C. § 709), relating to caretakers and clerks, provides in part:

"Under such regulations as the Secretary of the Air Force may prescribe, funds allotted by him for the Air National Guard may be spent for the compensation of competent persons to care for material, armament, and equipment of the Air National Guard. A caretaker employed under this subsection may also perform clerical duties incidental to his employment and other duties that do not interfere with the performance of his duties as caretaker. * * *

"The Secretary concerned shall fix the salaries of clerks and caretakers authorized to be employed under this section, and shall designate the person to employ them."

Under the provisions of General Orders No. 96 of the Department of the Army, the authority of the Secretary was delegated to the Chief of Staff, who, in turn, was authorized to redelegate the power to fix the compensation of caretakers to the Chief of the National Guard Bureau, and it was provided that the general schedules as shown in the Classification Act of 1949, as amended, 5 U.S.C. § 1071 et seq., "will be used in fixing maximum rates" for clerical employees.

Section 9 of National Guard Regulations No. 75–16 reads:

"The maximum Federal support for National Guard civilian personnel will not exceed the rates as published by the Chief, National Guard Bureau. The pay schedule for the GS positions as shown in the Classification Act of 1949, as amended, will be used in fixing maximum rate for professional, administrative and clerical employees. Locality wage schedules approved by the Army-Air Force Wage Board will be used in determining the maximum Federal support for employees in craft, trade, labor or maintenance occupations. However, supplemental payments may be made from other sources not involving Federal funds. The State adjutant general will fix the actual rate of pay. Federal funds will not be used to pay for overtime work performed by National Guard civilian personnel except when specifically authorized by the Chief, National Guard Bureau

and then only where assigned personnel can more effectively perform any additional workload temporarily imposed on a unit, pool or office. Members of the National Guard employed as National Guard civilian personnel may be paid any pay and allowances authorized by law for members of the National Guard, in addition to their salaries as National Guard civilian employees."

Air National Guard Regulation No. 40–01 further supplements the civilian personnel program and establishes policies and procedures applicable to such employees. (Plaintiff admits that he was governed by the foregoing regulations.)

For the years 1949 through 1953, plaintiff was paid his salary in accordance with rates fixed by the National Guard Bureau pursuant to the foregoing regulations, and the gross amounts received were duly reported in his annual income tax returns. The records for these years do not disclose that any portion of his salary was paid as a cost-of-living allowance.

In this action, plaintiff contends that despite the foregoing statutes, regulations, and procedures, his rate of compensation was fixed by the Classification Act of 1949, as amended, and that he received territorial cost-of-living allowances pursuant to § 207 of the Independent Offices Appropriation Act of 1949, 62 Stat. 194, as amended by § 104 of the Supplemental Independent Offices Appropriation Act of 1949, 62 Stat. 1205, 5 U.S.C.A. § 118h which provides in part:

"Any appropriations or funds available to the executive departments, independent establishments, and wholly owned Government corporations for the payment of salaries and compensation to persons stationed outside the continental United States or in Alaska whose rates of basic compensation are fixed by statute, shall be available for the payment of additional compensation to such persons, based on living costs substantially higher than in the District of Columbia, or conditions of environment which differ substantially from conditions of environment in the States and warrant additional compensation as a recruitment incentive, or both such factors: *Provided,* That such additional compensation, except as otherwise specifically authorized by law, shall be paid only in accordance with regulations prescribed by the President * * *."

Executive Order 10000, 3 CFR, 1948 Supp. page 202, U.S.Code Cong.Service 1948, p. 2766, promulgated by the President pursuant to that Act, prescribed regulations with reference to the payment of territorial cost-of-living allowances authorized for service in areas where living costs were substantially higher than in the District of Columbia.

■ Simply put, the purpose of the Classification Act of 1949, as amended, is to insure equal pay for equal work, and this has been assured to plaintiff by General Orders No. 96 and the other applicable regulations. His complaint is not that his pay is inadequate and thus the Classification Act of 1949 must be applied,[1] but rather that in order to prevail in this action, he must prove that his pay was fixed by statute, and that cost-of-living allowances were received under regulations approved by the President. He urges that he must have been paid under the Classification Act of 1949 because § 201(b) provides that the Act shall apply to all civilian positions, officers, and employees of the Executive Department, or independent establishments or agencies in the Executive Branch, except those exempted pursuant to § 202.

Although § 42 does not expressly provide that the salary rates of caretakers and clerks may be fixed without regard to the Classification Act of 1949, it is nevertheless true that the Secretary directed that the pay schedule of that Act must be used in fixing maximum rates

1. See Walsh v. United States, 1958 Ct. Cl., 158 F.Supp. 956.

910

for such civilian employees. Plaintiff, having been accorded all of the benefits of the Classification Act, simply contends that his basic pay was therefore fixed by that statute so as to avoid the fact that his basic compensation was fixed by regulation.

Section 202(31) of the Classification Act of 1949, as amended, exempts "positions for which rates of basic compensation are individually fixed, or expressly authorized to be fixed, by any other law, at or in excess of the maximum scheduled rate of the highest grade established by this chapter." It would appear, from the record in this case, that plaintiff's employment and the fixing of his compensation would come within the purview of this exemption.

█ Paragraph (24) of § 202 also exempts from the application of the Classification Act of 1949 "employees whose compensation is fixed under a cooperative agreement between the United States and (A) State, Territory, or possession of the United States." Section 42, *supra,* and the regulations issued pursuant thereto, merely authorizes compensation of caretakers to be paid out of Federal funds on certain conditions. The Secretary has prescribed regulations to which the states and territories must adhere if they wish to continue to receive Federal funds for the employment of such caretakers. Federal recognition of the Hawaii Air National Guard depends upon the voluntary fulfillment by the local unit of all prescribed regulations and requirements, and the allotment of Federally appropriated funds depends upon Federal recognition of the Territorial militia. Thus, plaintiff's rate of compensation, as well as the monies appropriated to pay it, can be said to depend on a cooperative agreement between the United States and the Territory of Hawaii.

Plaintiff testified that he received a cost-of-living allowance in addition to his regular pay during the years 1949 through 1953. This, however, is his opinion which is not conclusive because the record does not support his contention. But even if it were true, it is still necessary to prove that the cost-of-living allowances were received by him in accordance with regulations approved by the President before the deduction would be allowable. No such regulations have been produced, and the Court has found none.

A "support schedule" for civilian employees with the Hawaii Army and Air National Guard, dated "1 March 1955," which establishes the rates of pay of "NGC" grades and purports to include "a 20% Territorial cost-of-living allowance," was received in evidence. From this exhibit, plaintiff asks the Court to draw an inference that he was paid according to similar schedules during the years 1949 through 1953. To adopt this suggestion could only result in the making of findings of fact based upon conjecture, guess, or supposition. If such a schedule for the years in question had been in effect, it could have been produced and perhaps would have had some probative value.

█ In any event, the Court finds that plaintiff has not proven by a preponderance of the evidence that his basic compensation was fixed by statute, or that he received cost-of-living allowances in accordance with regulations approved by the President. On the contrary, the evidence clearly shows that his compensation was fixed by a lawful regulation, and that he did not receive a cost-of-living allowance during the period in controversy.

Having reached the foregoing conclusion, it is unnecessary to decide whether plaintiff was "an employee of the Government of the United States stationed outside the continental United States." In support of his contention that he was an employee of the United States, plaintiff cites numerous statutes, regulations, and a series of cases, holding that National Guard civilian employees were Federal employees within the meaning of the Federal Tort Claims Act. 28 U.S.C.

§ 1346(b). The cases are collected in a recent annotation in 57 A.L.R.2d 1448, following the reported case of Courtney v. United States, 2 Cir., 1956, 230 F.2d 112, 57 A.L.R.2d 1444. For the purpose of determining whether plaintiff was an employee of the United States within the meaning of § 116(j), it appears that the reasoning contained in Circuit Judge Lumbard's dissenting opinion in Courtney would be more appropriate than the opinion of the majority, holding that the caretaker involved was an "employee" of the United States within the meaning of the Federal Tort Claims Act.

A judgment will be entered dismissing the complaint with no award of costs to either party.