GEORGE R. BELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 64041.    Filed June 30, 1959.

*Herbert A. Seidman, Esq.*, for the respondent.

840

## OPINION.

BLACK, *Judge:* As has already been stated, our report in this proceeding was filed June 11, 1958, *George R. Bell, supra.* Petitioner had contended that all of the payments which he had received during the calendar years 1952 and 1953 from the Government of American Samoa were excludible from his gross income under the provisions of section 251, I.R.C. 1939. We held against petitioner on that issue. For reasons already stated, petitioner was granted a rehearing to enable him to raise the issue that 25 per cent of the payments which he received from the Government of American Samoa was paid to him as cost-of-living allowances and was excludible from his gross income under the provisions of section 116 (j), I.R.C. 1939.

We think the facts which have been stipulated by the parties clearly show that 25 per cent of the amounts which petitioner received from the Government of American Samoa in 1952 and 1953 was paid to him as cost-of-living allowances. The question is: Is the amount

which petitioner received as cost-of-living allowances in each of the taxable years excludible from his gross income under section 116(j), I.R.C. 1939? Section 116(j) reads:

SEC. 116. EXCLUSIONS FROM GROSS INCOME.

(j) In the case of a clerk or employee in the Foreign Service of the United States, amounts received as cost-of-living allowances under authority of section 3, as amended, of the Act of February 23, 1931; and in the case of an ambassador, minister, diplomatic, consular, or Foreign Service officer, amounts received as post allowances under the authority of section 12, as amended and renumbered, of the Act of May 24, 1924; and in the case of other civilian officers or employees of the Government of the United States stationed outside continental United States, amounts received as cost-of-living allowances in accordance with regulations approved by the President.

It is of course plain that the first part of the statute is not applicable to petitioner. Only that part of the statute which reads "and in the case of other civilian officers or employees of the Government of the United States stationed outside continental United States, amounts received as cost-of-living allowances in accordance with regulations approved by the President" could be applicable. The question we have to decide, it seems to us, is whether the cost-of-living allowances which petitioner received from the Government of American Samoa were paid him "in accordance with regulations approved by the President." After careful consideration, we think that question must be answered in the negative.

From the research which we have made we find the following is the situation:

Under Executive Order 10,000, 3 C.F.R. secs. 202-210 (1948 Supp.), the President authorized the Civil Service Commission to establish territorial post differentials and territorial cost-of-living allowances. The territorial post differentials were to be selected on the basis of extraordinarily difficult living conditions, excessive physical hardship, or notably unhealthful conditions. The territorial cost-of-living allowances were to be determined by considering the relative consumer price levels in the area and in the District of Columbia.

Thereafter, the Civil Service Commission issued regulations providing for the payment of territorial post differentials and territorial cost-of-living allowances in specified areas. American Samoa was designated as an area at which territorial post differentials were to be paid. However, American Samoa was not designated as an area at which territorial cost-of-living allowances were to be paid although it is possible that an area may qualify for both.

Under the original regulations promulgated by the Civil Service Commission it was stated that both the territorial post differentials and territorial cost-of-living allowances represent compensation properly includible in the gross income of the recipient. (See 5 C.F.R. Part 350. 6(h).) Thereafter, following a change in Internal Revenue Serv-

ice policy (Rev. Rul. 237, 1953–2 C.B. 52) the Commissioner amended its regulations (5 C.F.R. Part 350 (1958 Supp.)) to the effect that payments of differentials are includible within the gross income of the recipient, but that payments of cost-of-living allowances are excludible. No changes insofar as American Samoa was concerned were made with respect to designating it as an area wherein territorial cost-of-living allowances were to be paid.

The distinction made by the regulations issued by the Civil Service Commission and approved by the President as to territorial post differentials and territorial cost-of-living allowances precludes the recovery requested by the petitioner here. The Civil Service Commission has not designated American Samoa as an area wherein cost-of-living allowances are to be paid. In the absence of such a designation, there appears to exist no regulation approved by the President providing for the payment of a cost-of-living allowance in American Samoa.

We, therefore, conclude that petitioner's contention that the cost-of-living allowances which he received in 1952 and 1953 from the Government of American Samoa should be excluded from his gross income cannot be sustained. This holding is in harmony with our decision in *Edward L. Davis*, 30 T.C. 462. See also *M. E. S. Brunelle*, 15 T.C. 766, affd. 192 F. 2d 423.

In connection with our holding against petitioner on this issue, we direct attention to the decision of the United States District Court for the District of Hawaii, in *Barnett* v. *United States*, 174 F. Supp. 907. In that case the taxpayer was employed as a civilian employee with the Hawaii Air National Guard and was seeking a refund on the ground that he was paid a "cost-of-living allowance" and that this cost-of-living allowance was excludible from his gross income under the provisions of section 116(j), I.R.C. 1939. The court in that case denied the taxpayer's claim for a refund and said:

Plaintiff testified that he received a cost-of-living allowance in addition to his regular pay during the years 1949 through 1953. This, however, is his opinion which is not conclusive because the record does not support his contention. But even if it were true, it is still necessary to prove that the cost-of-living allowances were received by him in accordance with regulations approved by the President before the deduction would be allowable. No such regulations have been produced, and the Court has found none.

It will be noted that the court in the above language pointed out that it did not think the taxpayer had proved that he received any "cost-of-living allowances," but that even if it be assumed that he had received such an allowance, the taxpayer could not exclude such allowance from his gross income because he had not proved that the "cost-of-living allowances were received by him in accordance with regulations approved by the President."

In the instant case, unlike as in the *Barnett* case, we have found as a fact that in each of the taxable years petitioner did receive amounts which were labeled "cost-of-living allowances." But, nevertheless, we have pointed out that such "cost-of-living allowances" were not paid petitioner in accordance with regulations approved by the President. It is this latter factor, as was stressed by the court in the *Barnett* case, which determines whether the cost-of-living allowances are excludible. As we have already explained, petitioner does not bring himself within that provision of the applicable statute.

*Decision will be entered for the respondent.*