Per Curiam :
The plaintiffs sue to recover United States income taxes which they were required to pay upon their salaries as employees of the Government of American Samoa. The controlling statute is section 251 (j) of the Internal Revenue Code of 1939. It says:
(j) Employees of United States. — For the purposes of this section, amounts paid for services performed by a citizen of the United States as an employee of the *691 United States or any agency thereof shall be deemed to be derived from sources within the United States.
In its context, section 251 (j) admittedly makes the plaintiffs’ salaries taxable, if the Government of American Samoa was, at the time in question, an agency of the United States.
In Davis v. Commissioner, 30 T.C. 462, the Tax Court considered and decided the same question which is before us. In the court’s opinion, written by Judge LeMire, the history of the United States’ relation to American Samoa is summarized. There is also a discussion of certain judicial precedents bearing on the meaning of the word agency as it is used in section 251 (j). The court decided that the income there in question was subject to the United States income tax.
In Bell v. Commissioner, 30 T.C. 559, the Tax Court reached the same conclusion. The Bell decision was reviewed and affirmed by the United States Court of Appeals for the Fourth Circuit, 278 F. 2d 100. Judge Boreman’s opinion for that court contains a fuller discussion of the pertinent history and the precedents.
We have nothing useful to add to what has been written in the cited cases.
The plaintiffs’ petition will be dismissed.
It is so ordered.
FINDINGS OF FACT
The court makes findings of fact, based upon the stipulation of the parties, and the briefs and argument of counsel, as follows:
1. Plaintiffs are citizens of the United States and during the years 1951-53 resided in Pago Pago, American Samoa.
2. During the years 1951-53, plaintiffs were employed by the Government of American Samoa in accordance with the provisions of certain contracts.
3. Plaintiffs on or before the date required by law filed joint income tax returns for 1951, 1952, and 1953.
4. For the years 1951 and 1952 income taxes and interest were assessed against the plaintiffs in the amount of $3,303.85, said amount being paid to the Collector of Internal Revenue at Baltimore, Maryland.
*692 5. For tbe year 1953, plaintiffs paid an income tax in the amount of $2,288.30 to the Director of Internal Revenue at Honolulu, Territory of Hawaii.
6. In May 1954, plaintiffs filed an amended claim for refund for the year 1951 in the amount of $1,009.33 on the basis that none of the gross income was received by the plaintiffs within the United States or as employees of the United States within the meaning of section 251 (j) of the Internal Revenue Code of 1939.
7. In May 1954, plaintiffs filed an amended claim for refund for the year 1952 in the amount of $2,294.52 on the basis that none of the gross income was received by the plaintiffs within the United States or as employees of the United States within the meaning of section 251 (j) of the Internal Revenue Code of 1939.
8. In May 1954, plaintiffs filed an amended claim for refund for the year 1953 in the amount of $2,288.30 on the basis that none of the gross income was received by the plaintiffs within the United States or as employees of the United States within the meaning of section 251 (j) of the Internal Revenue Code of 1939.
9. American Samoa, during the years in question, was a possession of the United States.
10. During 1951-53 the income of plaintiffs from sources within a possession of the United States exceeded 80 percent of their total income, and more than 50 percent of such income was earned for personal services rendered the Government of American Samoa.
11. No part of the amount claimed in this proceeding has been credited or refunded to the plaintiffs.
CONCLUSION OE LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiffs are not entitled to recover and their petition is therefore dismissed.