THEODORE E. AND BONALYN V. MUNSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 85155. Filed August 31, 1961.

*Theodore E. Munson*, pro se.
*John P. Graham*, Esq., for the respondent.

OPINION.

TIETJENS, *Judge:* The Commissioner determined deficiencies in income tax of petitioners in the amounts of $746.89 and $196.07 for the years 1955 and 1956, respectively. The sole issue presented is whether certain cost-of-living allowances paid to petitioner during 1955 and 1956 are exempt from taxation under the provisions of section 912, I.R.C. 1954.

Petitioners are husband and wife and reside in Cleveland, Ohio. They filed their joint Federal income tax return for 1955 with the director of internal revenue at Seattle, Washington. Their return for 1956 was filed with the director of internal revenue at Syracuse, New York.

Theodore E. Munson, hereinafter referred to as petitioner, was appointed in May 1953 as law clerk in the District Court of the Territory of Alaska for a period of 1 year. In April 1954, while serving in Alaska as a law clerk, petitioner received an excepted appointment, unclassified, as United States attorney or district attorney, for the First Division of the District of Alaska.

On April 8, 1954, petitioner received a letter from the Deputy Attorney General, William P. Rogers, which stated that the petitioner's salary would be "at the rate of $10,000 per annum base pay, plus $2,500 cost of living allowance, making a total of $12,500."

Petitioner also received a Form DJ–50: Notification of Personnel Action dated April 1, 1954, which stated that his salary was $10,000 plus $2,500 which was a "25% cost of living allowance."

On May 16, 1955, petitioner received another letter from the Deputy Attorney General which advised him that his salary had been "increased to $15,000 per annum, including 25% differential, effective March 1, 1955, in accordance with the provisions of Public Law 9, 84th Congress."

A Form DJ–50: Notification of Personnel Action under date of March 1, 1955, stated that petitioner's salary was $12,000 plus $3,000 which was a "25% cost of living allowance."

Petitioner was transferred from the position of United States attorney for the First Division of Alaska to the office of the United

States attorney, Northern District of New York, effective April 14, 1956.

The total compensation received by petitioner in 1955 as United States attorney in Alaska was $14,605.84; of this amount $2,921.17 was excluded from adjusted gross income on the joint income tax return filed for 1955.

Petitioner's compensation in 1956 as United States attorney in Alaska was $4,326.94; of this amount $865.39 was excluded from adjusted gross income in the joint return filed for 1956.

The Commissioner determined that the amounts of $2,921.17 and $865.39 excluded by petitioner in 1955 and 1956, respectively, were compensation to petitioner as United States attorney in Alaska and were subject to Federal income tax in their entirety.

A medical deduction claimed in 1956 by petitioner was also reduced by $25.84 as a result of the Commissioner's determination that the $865.39 was additional compensation in that year.

The issue presented is whether the cost-of-living allowances paid to petitioner in 1955 and 1956 while serving as United States attorney in Alaska are exempt from taxation under section 912, I.R.C. 1954.

Section 912, I.R.C. 1954, Exemption for Certain Allowances, as it existed during the period in issue, provided that:

> The following items shall not be included in gross income, and shall be exempt from taxation under this subtitle:
>
> (1) COST-OF-LIVING ALLOWANCES.—In the case of civilian officers or employees of the Government of the United States stationed outside continental United States, amounts received as cost-of-living allowances in accordance with regulations approved by the President.

Petitioner contends that he received the cost-of-living allowances pursuant to section 207 of the Independent Offices Appropriation Act of 1949, 62 Stat. 194, as amended by section 104 of the Supplemental Independent Offices Appropriation Act of 1949, 62 Stat. 1205, which provides as follows:

> Sec. 104. Section 207 of the Independent Offices Appropriation Act, 1949, is hereby amended to read as follows:
>
> Sec. 207. Any appropriations or funds available to the executive departments, independent establishments, and wholly owned Government corporations for the payment of salaries and compensation to persons stationed outside the continental United States or in Alaska whose rates of basic compensation are fixed by statute, shall be available for the payment of additional compensation to such persons, based on living costs substantially higher than in the District of Columbia, or conditions of environment which differ substantially from conditions of environment in the States and warrant additional compensation as a recruitment incentive, or both such factors: *Provided*, That such additional compensation, except as otherwise specifically authorized by law, shall be paid only in accordance with regulations prescribed by the President establishing rates of such additional compensation and defining the area, groups of positions, and classes of persons to which each such rate applies: * * * *Provided further*,

That such additional compensation shall not exceed in any instance 25 per centum of the rate of basic compensation * * *

Under the authority of the Act the President promulgated regulations, Exec. Order No. 10000, 3 C.F.R. p. 792 (1943–1948 comp.), which provide in part that:

Sec. 205. *Additional living cost compensation.* (a) The United States Civil Service Commission shall from time to time, subject to applicable law, (1) designate places in the Territories where it determines that living costs are substantially higher than in the District of Columbia, (2) fix for each place so designated an additional rate or rates of compensation to be paid by reason of such higher living costs pursuant to section 207 of the Act, and (c) [*sic*] prescribe such further regulations, governing such compensation, as may be necessary. Additional compensation so fixed is hereafter in this Part referred to as "Territorial cost-of-living allowance."

(b) The Civil Service Commission shall, (1) in designating places under section 205(a) hereof, consider the relative consumer price levels in the area and in the District of Columbia, and give due consideration to the differences in goods and services available and to the manner of living of persons employed in the areas concerned in positions comparable to those of United States employees in the areas, and (2) in fixing the Territorial cost-of-living allowance pursuant to such subsection, make appropriate deductions when quarters or subsistence, commissary or other purchasing privileges are furnished at a cost substantially lower than the prevailing local cost.

\* \* \* \* \* \* \*

Sec. 207. *Agencies covered.* Subject to the provisions of section 207 of the Act and of this Part, every Executive department, independent establishment, and wholly owned Government corporation shall pay * * * (b) a Territorial cost-of-living allowance fixed under section 205 hereof to each of its employees whose basic compensation is fixed by statute and who is located at the post for which that allowance has been fixed.

The Commissioner in support of his determination contends that the meaning of the Presidential regulations incorporated by reference as a part of section 912 is to limit an exemption from taxation of territorial cost-of-living allowances to those paid to Government employees whose basic salaries are fixed by statute. The Commissioner maintains that petitioner's compensation from January 1 to March 1, 1955, was paid under a territorial statute, 48 U.S.C. sec. 109, which specifically provides that the salaries of district attorneys, i.e., United States attorneys shall be fixed by the Attorney General, and that subsequent to March 1, 1955, he received payment under Public Law 9, 28 U.S.C. sec. 508, which provides that "Attorney General shall fix the annual salaries of United States Attorneys * * * [at] not less than $12,000.00 or more than $20,000.00." The Commissioner concludes that the basic salary paid to petitioner in 1955 and 1956 as United States attorney in Alaska must have been fixed administratively by the Attorney General and not by statute which precludes petitioner from an exemption from taxation, citing *Barnett* v. *United States*, 174 F. Supp. 907 (D. Hawaii 1959).

In *Barnett v. United States, supra,* the taxpayer was a civilian employee of the Hawaii Air National Guard. He claimed that his rate of compensation was fixed by the Classification Act of 1949, and that he received territorial cost-of-living allowances under section 207 of the Independent Offices Appropriation Act. However, the court in holding for the Commissioner said that the taxpayer had "not proven by a preponderance of the evidence that his basic compensation was fixed by statute, or that he received cost-of-living allowances in accordance with regulations approved by the President."

We think the instant case is distinguishable from *Barnett.* The court in *Barnett* found that "the records * * * [did] not disclose that any portion of [taxpayer's] salary was paid as a cost-of-living allowance," whereas in this case the converse is true, as petitioner was not only "located at a post for which [an] allowance [had] been fixed" but was in fact paid an amount in addition to his rate of "basic compensation" which was clearly designated by his employer, the Department of Justice, as a cost-of-living allowance. In addition the "25% cost of living allowance" paid to petitioner was the "percent of rate of basic compensation" prescribed by subsequent regulations, 5 C.F.R. sec. 350.11 (1961 supp.), to be paid "to those United States employees * * * [in] Alaska."

In *Barnett* the court also found that the taxpayer's rate of basic compensation was not fixed by statute which, as indicated by the arguments of the parties, is the crux of the controversy in this case. The court, in refuting the taxpayer's contention in *Barnett* that his salary was fixed by statute, said that:

The Secretary [of the Air Force] has prescribed regulations to which the states and territories must adhere if they wish to continue to receive Federal funds for the employment of such caretakers. Federal recognition of the Hawaii Air National Guard depends upon the voluntary fulfillment by the local unit of all prescribed regulations and requirements, and the allotment of Federally appropriated funds depends upon Federal recognition of the Territorial militia. Thus, plaintiff's rate of compensation, as well as the monies appropriated to pay it, can be said to depend on a cooperative agreement between the United States and the Territory of Hawaii.

As we see it, the finding of the court in *Barnett* that the taxpayer's salary was not fixed by statute seems to turn upon the fact that the appropriation of moneys to pay the taxpayer's "rate of compensation" depended upon "a cooperative agreement between the United States and the Territory of Hawaii." We think this case presents an entirely different factual situation as petitioner here was an employee of an "Executive department" and he was paid from appropriated funds under the authority of a specific statutory provision fixing the rate of salary.

We have given due consideration to the purpose of the Act, namely, a relief provision to pay "additional compensation to such per-

sons * * * stationed outside the continental United States or in Alaska based on living costs substantially higher than in the District of Columbia." We have also examined corresponding sections of the regulations, such as section 209 which makes persons serving under a contract ineligible to receive a cost-of-living allowance even though they might otherwise be eligible. And we are convinced that the phrase "employees whose basic compensation is fixed by statute" meant to encompass persons such as petitioner even though the Attorney General had the discretion to fix the specific amount of the salary of petitioner within certain defined statutory limitations. See Rev. Rul. 53–237, 1953–2 C.B. 52. Cf. Rev. Rul. 59–407, 1959–2 C.B. 19.

Accordingly, we find that petitioner comes within the purview of the regulations issued by the President under the authority of the Independent Offices Appropriation Act. It follows that the cost-of-living allowances are exempt from taxation under section 912, I.R.C. 1954.

*Decision will be entered for the petitioners.*