## UNITED STATES v. DUNCAN.
### No. 13750.

United States Court of Appeals Fifth Circuit.

June 5, 1952.

Frank B. Potter, U. S. Atty., Fort Worth, Tex., for appellant.

Jess Rickman, Kaufman, Tex., for appellee.

Before HOLMES, BORAH, and RIVES, Circuit Judges.

BORAH, Circuit Judge.

James E. Duncan brought this action against the United States under the Federal Tort Claims Act [1] to recover damages for personal injuries sustained when he was pinned between the bumpers of two heavy trucks. The trucks, which were in line and in close proximity to each other, were parked on the shoulder of the highway and Duncan had gone in between them and was in the act of rigging a tow line when an Army truck, owned by the United States and driven by Vernon L. Clark, struck the rear of one of the trucks, causing it to roll forward and jam Duncan between the two vehicles.

The United States filed a motion to dismiss the action for lack of jurisdiction over the subject matter on the ground that Clark was not an employee of the United States

---

1. 28 U.S.C. §§ 1291, 1346(b), 1402, 1504, 2110, 2401, 2402, 2411, 2412, and 2671-2680.

within the meaning of the Federal Tort Claims Act. The motion was denied and a trial was had on the merits.

The court found that at the time of the accident Clark was proceeding under orders on a return trip from Camp Mabry, Texas to Terrell, Texas, where he had been sent for the purpose of receiving an army vehicle for the H&S Company, 148th Armored Infantry Battalion, 49th Armored Division, Texas National Guard; that in performing this service Clark was an employee of the United States, acting within the scope of his employment as unit caretaker of United States government property assigned to this unit; and that the injury suffered by Duncan was caused solely by Clark's negligence. Thereafter, the court entered judgment in favor of Duncan in the amount of $917 and this appeal followed.

The United States does not challenge the trial court's finding of negligence but insists that at the time of the accident Clark was not an employee of the United States within the meaning of the Federal Tort Claims Act. A like contention was made and rejected in Elmo v. United States, 5 Cir., 197 F.2d 230. There we held that one employed as a unit caretaker of United States government property assigned to a Texas National Guard Unit, while acting within the scope of his employment as unit caretaker, was an employee of the United States within the meaning of the Federal Tort Claims Act. This decision controls here. As we there pointed out in greater detail than need here be mentioned, 32 U.S. C.A. § 42, authorizes the employment of competent help for the care of equipment assigned to National Guard Organizations; National Guard Bureau Circular No. 4 provides that, except during field training periods, unit caretakers are responsible for the receipt of unit equipment; and National Guard Regulation 75–16 authorizes travel of caretakers essential to the performance of their official duties at government expense. Thus it is clear that in travelling from Camp Mabry to Terrell, Texas, for the purpose of receiving equipment for the H&S Company, 148th Armored Infantry Battalion, Clark was acting within the scope of his employment as unit caretaker of United States government property assigned to the H&S Company.

The judgment of the court below was right and it is affirmed.