A. HERMAN DORR, Individually and as Guardian ad Litem of JANICE DORR and Others, Infants, Plaintiff, *v.* WAYNE S. GIBSON, Defendant.
DOROTHY DORR, Plaintiff, *v.* WAYNE S. GIBSON, Defendant.

Supreme Court, Special Term, Oswego County, June 15, 1955.

*Hancock, Dorr, Ryan & Shove* for defendant.

*Merrill, Bigness & Taylor* for plaintiffs.

McCLUSKEY, J. This is a motion to dismiss the complaint herein upon the ground that the defendant was immune under the provisions of the Military Law of this State.

The plaintiffs were occupants on June 20, 1952, of a station wagon owned and operated by the plaintiff A. Herman Dorr. He was driving south on Route 11, a public highway of this State, near the Village of Pulaski. The defendant was operating a trailer-truck in a northerly direction on the same highway. He was then operating a vehicle, which was part of a military convoy of the New Jersey National Guard on its way to summer maneuvers at Camp Drum, pursuant to the requirements of the United States. The military trailer swung across the center line and struck the plaintiffs' car, causing the injuries described in the complaint.

The Military Law of this State provides for the creation of a military organization of this State known as the National Guard (Military Law, § 2). Members of the militia of this State ordered into active service of the State shall not be liable civilly or criminally for any act or acts done by them in the performance of their duty (Military Law, § 235). The item " ' active service ' " is defined as military duty in or with a force of organized militia either in a full-time status or in a part-time status, depending upon the conditions under which the duty is performed (Military Law, § 1). Members and units of the organized militia shall assemble for drill or other equivalent training each year and shall participate in field training, encampment, etc., as may be prescribed by the laws of the United States or of the State (Military Law, § 46). From these excerpts, it is clear that a member of the National Guard while on active duty is immune as is the State from any liability for tortious acts committed during a tour of military service. (*Newiadony* v. *State of New York,* 276 App. Div. 59; *Goldstein* v. *State of New York,* 281 N. Y. 396.)

It is a matter of judicial notice that a training area is maintained in Northern New York for the summer training of the National Guards of this State and other States. This is done pursuant to the laws of this State and of the United States. Units from various States participate each year. They travel to Camp Drum in Jefferson County by train, truck and convoys.

Under section 22-a of the Military Law, the Governor is authorized to enter into supplemental and implement agreements or compacts with the executive authorities of other States providing for mutual military aid. The agreements may include but are not limited to joint military action against a common enemy; for the powers, duties, rights, privileges and immunities of the members of military forces of any signatory while so engaged outside their own jurisdiction; and for such other matters as are of a military nature or incidental thereto.

Pursuant to the authority vested in him, the Governor of New York entered into a compact with the State of New Jersey, December 12, 1950. This was approved by the Legislature February 16, 1951. This compact deals with military aid in an emergency. The compact provides that the individual members of the military forces of New Jersey and New York shall have the same immunities as the military forces of the State in which they are engaged. Furthermore, as part of our own obligations we have provided that the provisions of the Military Law shall apply to the members of our organized militia while serving without the State and while going to and returning from such service without the State in like manner and to same extent as while serving within the State. (Military Law, § 23.)

The same immunity belongs to the guardsmen of a signatory State.

The second section of article VI of the New Jersey compact does not limit immunities to emergencies. It places the individual member of such a force on the same level as New York's individual guard members. Our militia members are immune from civil liability not only for acts in the State but without the State and while going to or returning from out-of-State service or duty. By the compact, New Jersey guardsmen while going to or coming from training maneuvers at Camp Drum are accorded the same privilege and immunity.

The complaints are dismissed, without costs.