**UNITED STATES of America, Appellant,**

v.

**Mar-Le WENDT and Albert D. Rosellini, Appellees.**

**No. 15116.**

United States Court of Appeals Ninth Circuit.

March 28, 1957.

George Cochran Doub, Asst. Atty. Gen., Morton Hollander and Samuel D. Slade, Washington, D. C., and Charles P. Moriarty, U. S. Atty., Seattle, Wash., for appellant.

Casey & Pruzan, Jack M. Sawyer, Seattle, Wash., for appellees.

Before MATHEWS, HEALY and CHAMBERS, Circuit Judges.

MATHEWS, Circuit Judge.

On March 11, 1953, in Tacoma, Washington, there was a collision between a Nash automobile and an Army truck attached to and pulling a trailer. At the time of the collision, Mar-Le Wendt was the driver and sole occupant of the automobile, Albert D. Rosellini was the owner of the automobile, and appellant, the United States, was the owner of the truck and trailer. In and as a result of the collision, Wendt sustained personal injuries, and Rosellini's automobile was injured.

The collision was caused by the negligent acts and omissions of William Lawrence Brown and Albert G. Hagen. At the time of the collision and at all pertinent times, Brown was a member of the Washington National Guard, but was also employed as a civilian administrative, supply and maintenance technician [1] and was acting within the scope of his employment as such technician. Hagen was not a member of the Guard, but, at all pertinent times, was a lieutenant colonel in appellant's regular Army, was detailed to the Guard as a United States property and fiscal officer and was acting within the scope of his employment as such officer.[2] The negligent acts and omissions of Brown and Hagen occurred under circumstances where their employer, if a private person, would have been liable to Wendt and Rosellini in accordance with the law of Washington.

On October 15, 1953, in the United States District Court for the Western District of Washington, Wendt and Rosellini brought an action against appellant under 28 U.S.C.A. § 1346(b).[3] Thereby Wendt sought to recover damages for the personal injuries sustained by her, and Rosellini sought to recover damages for the injury to his automobile. Appellant answered, a trial was had, findings and conclusions were stated, and on December 7, 1955, a judgment was entered which, in effect, ordered, adjudged and decreed that Wendt recover of appellant $56,404.75, and that Rossellini recover of appellant $1,392.33. This appeal is from that judgment.

The question presented is whether Brown and Hagen were employees of appellant, within the meaning of 28 U.S.

C.A. § 1346(b). Upon the authority of United States v. Holly, 10 Cir., 192 F.2d 221; Elmo v. United States, 5 Cir., 197 F.2d 230; United States v. Duncan, 5 Cir., 197 F.2d 233; and Courtney v. United States, 2 Cir., 230 F.2d 112,[4] we hold that they were.

Judgment affirmed.

---

1. Such technicians were formerly called unit caretakers. See United States v. Holly, 10 Cir., 192 F.2d 221; Elmo v. United States, 5 Cir., 197 F.2d 230; United States v. Duncan, 5 Cir., 197 F.2d 233; Courtney v. United States, 2 Cir., 230 F.2d 112. Brown's employment and duties were similar to those of the caretakers mentioned in the Holly, Elmo, Duncan and Courtney cases. Thus, at the time of the collision, Brown had in his care the truck and trailer involved in the collision and was transporting the truck and trailer from Camp Murray, Washington, to Seattle, Washington, for the use of the Guard.

2. As such officer, Hagen caused the truck and trailer to be delivered to Brown at Camp Murray to be transported by Brown to Seattle.

3. Derived from the Federal Tort Claims Act.

4. See also O'Toole v. United States, 3 Cir., 206 F.2d 912.