BERTHA WATSON, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 32652.)

JOHN WATSON, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 32653.)

MAE HIGGINSON, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 33295.)

Third Department, December 19, 1957.

*Michael E. Sweeney* and *Walter A. Fullerton* for Bertha Watson, individually and as administratrix of the estate of John Watson, deceased, appellant.

*Earl F. Matte* for Mae Higginson, appellant.

*Louis J. Lefkowitz, Attorney-General* (*George H. Rothlauf* and *John R. Davison* of counsel), for respondent.

*Per Curiam.* The claims which have been dismissed were predicated upon alleged negligence in the operation of an automobile truck issued by the United States to a unit of the New York National Guard, title to the vehicle remaining in the United States.

At the time of the accident which gave rise to these claims, the truck was being operated by one Briggs en route from a Guard unit headquarters at Whitehall to Peekskill, there to pick up a jeep to be delivered to a Guard unit at Ticonderoga. Briggs was then a Federal civilian employee, his job classification being National Guard Maintenance Mechanic, and he was paid by the Federal Government through the Army finance officer at Brooklyn. He was also a member of the National Guard and such membership was necessary to qualify him for his civilian position, wherein his duties related to the maintenance of United States property assigned to the National Guard.

Prior to May 1, 1953 the State had not waived immunity from liability for the torts of members of the State militia. (*Goldstein* v. *State of New York*, 281 N. Y. 396, 405; *Newiadomy* v. *State of New York*, 276 App. Div. 59.) There became effective as of that date, however, amendments to the Court of Claims Act whereby section 8-a, subdivision 2-a of section 9 and subdivision 3-a of section 10 were added. (L. 1953, ch. 343.) By such section 8-a the State '' waives its immunity from liability and action with respect to the torts of members of the organized militia and employees in the division of military and naval affairs of the executive department in the operation, maintenance and control of vehicles, including aircraft, owned by the state or issued or loaned or assigned to the state by the United States for the use of such organized militia or such employees, while acting within the scope and in the performance of their duties in the military service of the state, except while engaged in the active service of the state pursuant to sections five, six or seven of the military law.'' This waiver is limited by the language of the last sentence of the section, which provides: '' The waiver of immunity and the assumption of liability contained in this section shall not in any event apply in circumstances where under the laws of the United States liability has been or is hereafter assumed by the United States, to the extent of such assumption of liability under the laws of the United States.'' Subdivisions 2-a of section 9 and 3-a of section 10 implement section 8-a and do not increase the scope of the waiver thereby provided.

The court below correctly held, in dismissing the claims, that the United States had, in fact, assumed liability for the torts of civilian employees in Briggs' category and that, therefore, section 8-a was inapplicable. Under the Federal Tort Claims Act (60 U. S. Stat. 842, as amd.) jurisdiction is conferred upon the District Courts of civil actions against the United States for damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." (U. S. Code, tit. 28, § 1346, subd. [b].) Under this statute and upon facts similar to those proven on the trial of these claims, judgments against the United States were affirmed in *United States* v. *Wendt* (242 F. 2d 854), actions predicated upon the negligence of one Brown and one Hagen, Brown being a member of the Washington National Guard, also employed as a civilian administrative, supply and maintenance technician, engaged in transporting a truck and trailer from Camp Murray, Washington, to Seattle, Washington, for the use of the Guard, and Hagen being an officer in the Regular Army of the United States, detailed to the Guard as a United States property and fiscal officer. It was held that Brown and Hagen were employees of the United States within the meaning of subdivision (b) of section 1346, *supra,* and that each was acting within the scope of his employment. The statute has been construed in like manner in other circuits. (*See Courtney* v. *United States,* 230 F. 2d 112; *United States* v. *Duncan,* 197 F. 2d 233; *Elmo* v. *United States,* 197 F. 2d 230; *United States* v. *Holly,* 192 F. 2d 221.)

We are thus constrained to find that liability for Briggs' tortious acts has been assumed by the United States, with the result that, under the clear language of section 8-a (*supra*), the State's provisional waiver of immunity did not become operative.

The judgments should be affirmed, without costs.

BERGAN, J. P., COON, HALPERN and GIBSON, JJ., concur.

Judgments affirmed, without costs.