John W. PATTNO, Administrator of the Estate of Gene A. Lewis, deceased, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6899.

United States Court of Appeals Tenth Circuit.

Nov. 19, 1962.

Rehearing Denied Dec. 17, 1962.

Charles E. Graves, Cheyenne, Wyo., and William E. Shade, Denver, Colo. (Roncalio & Graves, Cheyenne, Wyo., on the brief), for appellant.

Kathryn H. Baldwin, Attorney, Department of Justice (Joseph D. Guilfoyle, Acting Asst. Atty. Gen., Robert N. Chaffin, U. S. Atty., and John G.

Laughlin, Attorney, Department of Justice, on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A mid-air collision between a Wyoming Air National Guard F–86 jet airplane and a private plane resulted in the death of Lewis, the pilot of the private plane. The appellant-plaintiff, as administrator of the estate of Lewis, sued the United States under the Federal Tort Claims Act. The trial court denied recovery on the ground that the accident was not caused by the negligence of an employee of the United States while acting within the scope of his employment.

Captain Meckem and Lieutenant Anderson, both officers of the Wyoming Air National Guard, were on a training flight in which Meckem was evaluating the flying proficiency of Anderson. The flight was not under the command responsibility of the United States Air Force but was authorized by the Operations Section of the Wyoming Air National Guard. Prior to the collision, Meckem was flying the No. 2 position in a close formation, the lead plane of which was piloted by Anderson. Anderson saw the private plane in time to take evasive action but Meckem, whose vision was obstructed by Anderson's plane, hit the private plane on the side at a 70-degree angle. Meckem parachuted to safety and received superficial injuries.

The Federal Tort Claims Act[1] imposes liability on the United States for death caused by the negligent act of a Federal employee while acting within the scope of his employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Before reaching the issue of negligence we must determine whether either Meckem or Anderson was an employee of the United States and, if so, whether the accident occurred within the scope of such Federal employment. In examining these issues we must decide if state or Federal law controls.

The Supreme Court has said in Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761, that the law of the place of the accident controls the doctrine of respondeat superior. Following this decision, the Tenth Circuit held in United States v. Mraz, 10 Cir., 255 F.2d 115, 116, that state law governs in determination of scope of employment.

The fact of employment is in a different category. The States may not decide for the United States who are and who are not Federal employees because the existence of Federal employment is a Federal question to be answered by application of Federal law.[2] In the case at bar both the Federal Constitution and statutes bear on the fact of employment. The supremacy of Federal law requires the determination of Federal employment by Federal law.

Art. 1, § 8, cl. 16, of the United States Constitution reserves to the States:

"* * * the Appointment of the Officers, and the Authority of training the Militia according to the discipline prescribed by Congress; * * *."

Under this constitutional provision and the implementing statutes, Air National Guard officers are appointed by the State[3] and the training of the National Guard is effected by the State.[4] As officers of the Wyoming Air National Guard, not in active Federal service, Meckem and Anderson were State, rath-

---

1. 28 U.S.C. §§ 1346(b), 2401(b), 2671–2680.

2. Courtney v. United States, 2 Cir., 230 F.2d 112, 114, 57 A.L.R.2d 1444; contra,

Hopson v. United States, D.C.W.D.Ark., 136 F.Supp. 804, 812.

3. 32 U.S.C. § 101(6) (B); 10 U.S.C. § 8379.

4. 32 U.S.C. § 501(b).

er than Federal employees,[5] and this status is not changed by the fact that they were paid by the United States,[6] or the fact that at the time of the accident they were flying planes owned by the United States and loaned to the Wyoming Air National Guard.[7]

We must give further consideration to Meckem because he was both a National Guard officer and a civilian flying training instructor, sometimes referred to as an air technician. The basic authority for his status as such comes from the so-called "caretaker" statute.[8]

Recent appropriation bills have authorized the use of funds appropriated under this statute not only for payment to persons entrusted with the care of property owned by the Air National Guard but also to air technicians who render necessary services.[9] As an air technician or flying training instructor, Meckem was appointed under Air National Guard Regulation 40-02 which relates to "Civilian Personnel" and which provides in its Paragraph 2 that:

"Air National Guard civilian personnel are considered to be employees of the State, * * * (21 Comptroller General Decision 305)."

Paragraph 7b(3) (a) of the Regulation places upon the State the responsibility to "employ, assign, promote, demote, and separate Air National Guard civilian personnel." The statute [10] empowers the Secretary of the Air Force to fix the pay of caretakers and to "designate the person to employ them." This authority was delegated to the States and in Wyoming was lodged in the Adjutant General. Meckem was employed as a flying training instructor by the Base Detachment Commander of the Wyoming Air National Guard under authority delegated by the State Adjutant General.

 United States v. Holly, 10 Cir., 192 F.2d 221, and several cases following it,[11] hold that one employed under the caretaker statute is an employee of the United States. Thus, Meckem had two masters. As a commissioned officer in the Wyoming Air National Guard he was an employee of Wyoming. As a flying training instructor or air technician or caretaker, he was an employee of the United States. The inquiry narrows to the question of the particular employment in which he was engaged at the time of the accident.

Meckem was on a flight authorized, commanded, and controlled by the Wyoming Air National Guard and not by the United States or any agency thereof. The purpose of the flight was to evaluate the flying skill of Anderson. An evaluation flight is part of a training program because without evaluation the sufficiency and adequacy of the training cannot be determined. To say that the educational process ends just before the

---

5. Williams v. United States, 10 Cir., 189 F.2d 607, 608.

6. Cromelin v. United States, 5 Cir., 177 F.2d 275, 277, certiorari denied 339 U.S. 944, 70 S.Ct. 790, 94 L.Ed. 1359.

7. Pearl v. United States, 10 Cir., 230 F.2d 243, 247.

8. 32 U.S.C. § 709, which in material portion provides:
 "(a) Under such regulations as the Secretary of the Air Force may prescribe, funds allotted by him for the Air National Guard may be spent for the compensation of competent persons to care for material, armament, and equipment of the Air National Guard. A caretaker employed under this subsection may also perform clerical duties incidental to his employment and other duties that do not interfere with the performance of his duties as caretaker."

9. Pub.L. 85–117, Aug. 2, 1957, title V, 71 Stat. 322; Pub.L. 84–639, Act of July 2, 1956, ch. 488, title V, 70 Stat. 466.

10. 32 U.S.C. § 709(f).

11. United States v. Wendt, 9 Cir., 242 F. 2d 854; Courtney v. United States, supra, note 2; Elmo v. United States, 5 Cir., 197 F.2d 230; United States v. Duncan, 5 Cir., 197 F.2d 233; State of Maryland for Use of Levine v. United States, D.C.W.D.Pa., 200 F.Supp. 475; cf. Watt v. United States, D.C.E.D.Ark., 123 F. Supp. 906.

final examination is to disregard realities.

Scope of employment, as distinguished from fact of employment, is determined by state law. Blessing v. Pittman, 70 Wyo. 416, 251 P.2d 243,[12] lays down two tests for the application of the doctrine of respondeat superior. These are (1) who had control over the servant and (2) in whose business was the servant engaged at the time of the accident. Wyoming had control over Meckem for the crucial flight, as has been shown, and the business of the flight was the training of a Guard member, a function which both the Federal Constitution and statutes place on Wyoming.

Appellant urges that the increase in Federal interest in National Guard activities, the comprehensive regulation of National Guard members by reason of the need for Federal recognition to obtain Federal funds, and the possible activation of units and individuals lessens the impact of traditional reasoning that the training of National Guard units is under the control of the States by reason of the mentioned constitutional and statutory provisions.[13] Support for this argument comes from congressional recognition that national defense places a heavy responsibility on the National Guard and that the use of contemporary war machines has increased the danger to persons and property within training areas. While legislative history indicates that all legislation regarding the National Guard has been enacted with the intent and understanding that the Guard was primarily the responsibility of the States until called into active duty,[14] Congress has amended Title 32 to provide a limited administrative adjustment and settlement of claims arising by reason of torts committed by National Guard personnel.[15]

This recognition of moral obligation for torts of those acting under dual Federal and State authority does not invite the conclusion that all National Guardsmen are in the service of the United States for the purposes of suit under the Federal Tort Claims Act. While the interest of the United States is served by the existence of trained reserve forces, that interest is shared by each of the States and the Constitution specifically commits the responsibility of training the National Guard to them.

The facts that Meckem was controlled by the State and on the business of the State distinguish this case from United States v. Holly, supra, because they establish that under Wyoming law respondeat superior does not operate to impose liability on the United States. In Holly, the Government agreed that the accident occurred within the scope of employment and the only question was the identity of the employer.

An interpretation of the record before us to permit the conclusion that either flying instructor Meckem or trainee Anderson was an employee of the United States would so weaken the pertinent constitutional provision as to once more corrupt the distinctions, clearly set forth therein, between the powers and duties of the two governments. The decision that neither Meckem nor Anderson, at the time of the accident, was acting as an employee of the United States disposes of the case and does away with any need to discuss the question of negligence.

Affirmed.

---

12. See also Fox Park Timber Co. v. Baker, 53 Wyo. 467, 84 P.2d 736, 120 A.L.R. 1020, and Stockwell v. Morris, 46 Wyo. 1, 22 P.2d 189. The Tenth Circuit followed the rule stated by Blessing v. Pittman in Leonard v. United States, 10 Cir., 235 F.2d 330, certiorari granted and case remanded 352 U.S. 996, 77 S.Ct. 555, 1 L.Ed.2d 540.

13. See United States ex rel. Gillett v. Dern, 64 App.D.C. 81, 74 F.2d 485, 487.

14. 2 U.S.Cong. & Adm.News '60, p. 3492.

15. 32 U.S.C. § 715.