Sylvia **TOMACK** and Murray Tomack, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 115, Docket 30642.

United States Court of Appeals Second Circuit.

Argued Oct. 31, 1966.

Decided Nov. 28, 1966.

---

7. Id. at 38.

8. 2 DAVIS, ADMINISTRATIVE LAW 559 (1958).

Lewis I. Wolf, of Wolf & Cyperstein, New York City (Wolf & Hoffman, Brooklyn, N. Y., on the brief), for appellants.

Dawnald R. Henderson, Asst. U. S. Atty., Southern Dist. of New York (Robert M. Morgenthau, U. S. Atty., and Ronald P. Huntley, Asst. U. S. Atty., Southern Dist. of New York, on the brief), for appellee.

Before FRIENDLY, SMITH and FEINBERG, Circuit Judges.

**J. JOSEPH SMITH, Circuit Judge:**

Appellants sued the United States under the Tort Claims Act, 28 U.S.C. § 1346 (b), 60 Stat. 843 (1946), as amended 72 Stat. 348 (1958),[1] in the United States District Court for the Southern District of New York, for personal injuries sustained in a collision involving a government owned motor vehicle. On motion under F. R. Civ. P. 56, the Court, Dudley B. Bonsal, Judge, dismissed the action on the ground that there was no genuine issue as to any material fact since the uncontested facts established that the driver was not acting within the scope of his office or employment as required by the Tort Claims Act. We find no error and affirm the judgment.

Appellants Sylvia and Murray Tomack sued to recover for injuries sustained in an automobile accident with a motor vehicle owned by the United States government and driven by Howard Nizen, an employee of the Small Business Administration.

On Friday, August 6, 1965, Nizen procured an automobile from the government pool in Brooklyn for an authorized business trip to upstate New York. Upon receipt of the car, he certified that he would use it only on official government business. Then, Nizen drove the automobile to his home in Parsippany, New Jersey. On Monday, August 9, Nizen began his trip to upstate New York. When he reached Catskill, New York, he called his wife who informed him that his uncle had died and would be buried that afternoon in the Bronx. Nizen drove the approximately fifty miles to the Bronx and attended the funeral services. He agreed

---

1. "* * * the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages * * * for * * * personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

to transport mourners to the cemetery and, on the way, collided with another car in the funeral procession occupied by the appellant Sylvia Tomack.

The parties are in disagreement as to whether the Tort Claims Act requirement that recovery may be had only when the government employee was "acting within the scope of his office or employment" should control on the question of vicarious liability over the New York Law[2] and may be construed to set a more limited standard. See Mandelbaum v. United States, 251 F.2d 748 (2d Cir. 1958) and O'Toole v. United States, 284 F.2d 792 (2d Cir. 1960), cert. denied 366 U.S. 927, 81 S.Ct. 1648, 6 L.Ed.2d 387 (1961). On the facts of the case at bar, however, it is unnecessary to pass on the question, for either under the New York rule or the Tort Claims Act language summary judgment for the United States was proper.

■ Appellants rely on the rule in New York derived from N. Y. Vehicle and Traffic Law § 388 and the common law that "proof of ownership of a vehicle creates a presumption that the driver was using the vehicle with the owner's permission, express or implied." Brindley v. Krizsan, 18 App.Div.2d 971, 238 N.Y.S.2d 260, 261, aff'd 13 N.Y.2d 976, 244 N.Y.S. 2d 779, 194 N.E.2d 688 (1963). See Leotta v. Plessinger, 8 N.Y.2d 449, 209 N.Y. S.2d 304, 171 N.E.2d 454 (1960). Only substantial contrary evidence can rebut this presumption. Brindley v. Krizsan; Leotta v. Plessinger, supra. Appellants, however, lost the benefit of this presumption because on his own statement, on which appellants rely, Nizen abandoned his government employment in Catskill, New York when he headed toward the Bronx. Contrary to appellants' argument that no limits of time or place were put on Nizen, except that he arrive in upstate New York, Nizen himself certified on receipt of the car that "this vehicle will be used for official purposes only."

■■ Appellants next contend that at the time of the accident, although driving mourners to the cemetery, Nizen was headed on route back to the New York Thruway with the intention of re-entering his government employment. It would be possible for Nizen to re-enter government employment before reaching Catskill, New York. But, under New York law, an intention to re-enter and heading in the correct direction is not sufficient; the intent must be accompanied by "a reasonable connection in time and space" with the abandoned duties. Riley v. Standard Oil Co. of New York, 231 N.Y. 301, 305, 132 N.E. 97, 98, 22 A.L.R. 1382 (1921). See generally, Fiocco v. Carver, 234 N.Y. 219, 137 N.E. 309 (1922); McConville v. United States, 197 F.2d 680 (2d Cir.), cert. denied 344 U.S. 877, 73 S.Ct. 172, 97 L.Ed. 679 (1952). At the time of the accident, Nizen was transporting mourners, had reached neither the cemetery nor the Thruway, and was fifty miles from his point of abandonment. The court was entitled to find that no trier could reasonably conclude that Nizen had re-entered his government employment, and that no issue of fact was presented. Moreover, since this is a Tort Claims Act case, triable only to the Court, no problem of removal from jury consideration is involved.

Summary judgment was appropriate here. The judgment is affirmed.

---

2. "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner * * *" Vehicle and Traffic Law, McKinney's Consol.Laws, c 71, § 388.