Thomas A. BOYER and Donald Boyer, Plaintiffs,

v.

Alcide L. CHALOUX and the United States of America, Defendants.

Ralph HUDSON, Indiv. and as Parent and Natural Guardian of Virginia L. Hudson, an Infant, Plaintiffs,

v.

Alcide L. CHALOUX and the United States of America, Defendants.

Civ. Nos. 67–CV–264, 67–CV–339.

United States District Court
N. D. New York.

July 23, 1968.

John V. Aylward, of Scanlon, Willmot, Aylward & Wisner, Watertown, N. Y., for plaintiffs Thomas A. Boyer and Donald Boyer.

Frederic S. Kendall, of Dunk, Conboy, McKay & Bachman, Watertown, N. Y., for plaintiff Ralph Hudson.

Edward F. McLaughlin, of O'Shea, Griffin, Jones & McLaughlin, Rome, N. Y., for defendant Alcide L. Chaloux.

Frank A. Dziduch, Asst. U. S. Atty., Albany, N. Y. (Justin J. Mahoney, U. S. Atty., Albany, N. Y., on the brief) for defendant United States.

TIMBERS, District Judge.[*]

Defendants Alcide L. Chaloux and the United States having moved, pursuant to Rule 12 (b)(6), Fed.R.Civ.P., to dismiss the actions [1] for failure to state a claim upon which relief can be granted, and the United States also having moved, pursuant to Rule 12(b)(1), Fed.R.Civ. P., to dismiss the actions as to said defendant for lack of jurisdiction over the subject matter; and

The Court having heard arguments of counsel at Syracuse on May 13, 1968, having considered the pleadings, motions, affidavits, exhibits, briefs and all

---

[*] Chief Judge of District of Connecticut, sitting by designation.

1. Unless otherwise indicated, the two actions will be treated as one for purposes of this decision.

**368**

papers filed herein, and being of the opinion that the said motions to dismiss pursuant to Rule 12(b)(6) and Rule 12(b)(1) should be denied, except that, to the extent hereinafter indicated, the motion of the United States to dismiss pursuant to Rule 12(b)(6), construed as a motion for partial summary judgment pursuant to Rule 56, Fed.R.Civ.P., should be granted, for the reasons that

(1) Plaintiffs Thomas A. Boyer, Donald Boyer and Ralph Hudson are New York citizens; defendant Alcide L. Chaloux is a New Hampshire citizen.

(2) Jurisdiction against defendant Chaloux is founded upon diversity of citizenship, 28 U.S.C. § 1332(a) (1); and jurisdiction against the United States is founded upon the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402, 2674.

(3) The complaints allege in substance that on June 30, 1966, at 10 P.M., near the intersection of Route 3, a public highway in Jefferson County near Natural Bridge, New York, with Sand Hill Cemetery Road, a military road leading from the Camp Drum Military Reservation, a passenger vehicle owned by plaintiff Donald Boyer, operated by his son, plaintiff Thomas A. Boyer, and in which plaintiff Ralph Hudson's 18 year old daughter, Virginia L. Hudson, was a passenger, collided with a truck and water trailer owned by the United States and operated with the consent of the United States by Chaloux, a member of the Vermont National Guard who was acting within the scope of his duties as a national guardsman in delivering water from one point to another on the military reservation, although on the public highway at the time of the accident.

(4) The complaints allege negligence on the part of Chaloux in the operation of the truck and water trailer; and on the part of the United States in maintaining the intersection of Sand Hill Cemetery Road and Route 3 as a hidden intersection in a dangerous condition, in failing to equip the truck and water trailer with adequate side lights and reflectors, and under the doctrine of *respondeat superior* for the negligence of Chaloux in the operation of the truck and trailer.

(5) Plaintiff Thomas A. Boyer seeks $1,000,000 damages for personal injuries; plaintiff Donald Boyer seeks $100,000 medical expenses, loss of services and property damage; and plaintiff Ralph Hudson seeks $75,000 damages for personal injuries to his daughter, Virginia, together with $15,000 medical expenses and loss of services. All plaintiffs seek recovery against both defendants jointly and severally.

(6) In support of their motions to dismiss, the United States urges that Chaloux, a member of the Vermont National Guard, was not in the employ of the United States and therefore was not covered by the waiver of sovereign immunity provided in the Federal Tort Claims Act; Chaloux urges that a compact between the States of Vermont and New York confers upon him, as a member of the Vermont National Guard acting within the scope of his duties in New York, immunity from suit, and further that the instant actions in effect are suits against the State of Vermont and as such are prohibited by the Eleventh Amendment.

(7) On the instant motions to dismiss for failure to state a claim upon which relief can be granted, well-pleaded allegations of the complaints must be accepted as true; and, if under any

construction of the complaints a cause of action is stated, the motions must be denied.

(8) Liability against the United States upon the doctrine of *respondeat superior* for the alleged negligence of Chaloux in the operation of the truck and water trailer cannot be predicated upon his status as a member of the Vermont National Guard, not in federal service, for he was not an employee of the United States within the meaning of the Federal Tort Claims Act. Maryland ex rel. Levin v. United States, 381 U.S. 41 (1965); cf. Bruce v. United States, Civil No. 65-CV-217, N.D.N.Y., April 14, 1966 (Brennan, D. J.). Plaintiffs do not contend to the contrary.

(9) Nor may liability be imposed upon the United States by the waiver of immunity provision of the Federal Tort Claims Act, 28 U.S.C. § 2674, read in conjunction with N. Y. Vehicle and Traffic Law, McKinney's Consol. Laws, c. 71, § 388, i. e. liability upon the United States as owner of the truck and water trailer for acts of Chaloux as the operator, since 28 U.S.C. § 2674 must be read in conjunction with 28 U.S.C. § 1346(b), under which the United States shall be liable for the negligence of "any *employee* of the Government." (Emphasis added) Maryland ex rel. Levin v. United States, supra; Tomack v. United States, 369 F.2d 350 (2 Cir. 1966); Gilkey v. United States,

213 F.Supp. 387 (W.D.Ark.1963); Mandelbaum v. United States, 251 F.2d 748 (2 Cir. 1958); United States v. Eleazer, 177 F.2d 914, 918 (4 Cir. 1949); Mackay v. United States, 88 F.Supp. 696 (D.Conn.1949). Chaloux was not an "employee of the Government."

(10) A fair reading of the complaints, however, does support plaintiffs' claims against the United States under the Federal Tort Claims Act based on alleged negligence of government employees other than Chaloux with respect to maintenance of the tractor and water trailer and maintenance of the intersection of Sand Hill Cemetery Road and Route 3.

(11) The United States is entitled to partial summary judgment in its favor to the extent that the complaints seek recovery against the United States based on alleged negligent acts of Chaloux[2]; but to the extent that the complaints seek recovery against the United States based on alleged negligent acts of government employees other than Chaloux in the maintenance of the truck and water trailer and the intersection, the motions to dismiss of the United States are denied.

(12) Defendant Chaloux's reliance on a compact[3] between the States of Vermont and New York to confer upon him, as a member of the Vermont National Guard acting within the scope of his duties in New York, immunity from

2. Matters outside the pleading having been presented to and not excluded by the Court (e. g. a certificate that neither Chaloux nor his Vermont National Guard unit was in active federal service on June 30, 1966), Rule 12(b), Fed.R.Civ.P., the motions to dismiss may be treated as ones for summary judgment pursuant to Rule 56.

3. The compact referred to is "An Interstate Compact For Mutual Military Aid

In An Emergency", dated December 16, 1958, entered into between the States of New York and Vermont, a duplicate original of which was filed in the Office of the Secretary of State of the State of New York on February 5, 1959. This compact was entered into pursuant to consent of the Congress of the United States. Act of July 1, 1952, 66 Stat. 318, Public Law 435, § 2.

liability for tortious acts, ·is misplaced; for the purpose of the compact is "to provide for mutual military aid and assistance in an emergency" (Article I, ¶ 1.a); an emergency is defined as "invasion or other hostile action, disaster, insurrection or imminent danger thereof" (Article I, ¶ 2.a); and before the immunity provisions of Article VI become applicable, there must be a request by the governor of a signatory state (here, New York) for the assistance of the military forces of another signatory state (here, Vermont) in case of emergency (Article IV, ¶ 2.). At the time of the accident in the instant case, there was no emergency and there was no request by the Governor of New York to the Governor of Vermont for military assistance. The immunity provisions of the compact accordingly are not applicable.[4]

■■■ (13) Aside from the Vermont-New York compact which is not applicable, Chaloux is not helped by the laws of either New York or Vermont; for in both states a national guardsman is liable for his negligent acts. Vermont does provide limited liability insurance coverage for a guardsman acting within the scope of his duties but requires that suit be brought in a county court of Vermont. Miller v. Vermont, 201 F.Supp. 930 (D.Vt. 1962); 4 V.S.A. tit. 12, §§ 5601– 5605; 8 V.S.A. tit. 29, §§ 1401– 1406. In New York, a guardsman no longer is immune from liability for negligent acts in the course of his duties (with limited exceptions not here applicable), N.Y. Military Law, McKinney's Consol. Laws,

c. 36, § 235; the present statute provides for immunity only when the guardsman is on duty during an invasion, insurrection, riot and the like. Shea v. Rotnaur, 135 N.Y.S.2d 694 (Sup.Ct.1954). Under the N. Y. Court of Claims Act § 8–a, New York has waived immunity under circumstances similar to those here present. See Watson v. New York, 5 A.D.2d 39, 169 N.Y.S.2d 206 (3rdDept.1957). And of course a governmental waiver of immunity does not immunize the wrongdoer; it merely provides an additional avenue of redress to the injured party. Government Employees Insurance Company v. Ziarno, 170 F.Supp. 197, 200 (N.D.N.Y.1959).

■■ (14) Finally, Chaloux's claim that the instant actions in effect are suits against the State of Vermont and as such are prohibited by the Eleventh Amendment is utterly devoid of merit. ·

■■ (15) The complaints state negligence claims against defendant Chaloux upon which relief can be granted pursuant to the diversity jurisdiction of this Court.

it is therefore

ORDERED as follows:

(1) That defendant Chaloux's motions to dismiss pursuant to Rule 12(b) (6), Fed.R.Civ.P., are denied.

(2) That the United States' motions to dismiss pursuant to Rule 12(b)(6) and Rule 12(b)(1), Fed.R.Civ.P., are denied, except as provided in paragraph (3), infra.

(3) That the Clerk is directed to enter partial summary judgment, pursuant to Rule 56, Fed.R.Civ.P., in favor of the United States in both actions to the extent that the

4. The decision of a lower New York court in Dorr v. Gibson, 145 N.Y.S.2d 48 (Sup. Ct.1955), construing a corresponding immunity provision of a prior compact and holding that "[t]he second section of

Article VI * * * does not limit immunities to emergencies," Id. at 50, is believed to have been incorrectly decided and will not be followed by this Court.

complaints seek recovery against the United States based on alleged negligent acts of defendant Chaloux.

(4) That the direction set forth in paragraph (3), supra, is not intended as a direction or certification pursuant to Rule 54(b), Fed.R.Civ.P.